## BURKHOLDER ET AL. *v.* CASAD ET AL.

REAL PROPERTY, ACTION TO RECOVER.—*Complaint.*—*Copy of Written Instrument.*—*Evidence.*—In an action for the recovery of real property, the deed of conveyance to plaintiff under which he claims title is not the foundation of the action; and if it is set out by copy and made part of the complaint, the plaintiff is not thereby relieved from proving its delivery.

EVIDENCE.—*Hearsay.*—*Declarations of Grantor.*—The declarations of a grantor of real property to his grantee concerning the delivery of a deed of conveyance by him to third persons of the same property, made long after the conveyance purported to have been made to such third persons, are not admissible as evidence against such third persons.

SAME.—*Burden of Proof.*—The burden of proof is on the party claiming title under a deed to show the delivery of the deed, either by evidence of actual delivery or of circumstances from which it may be inferred.

SAME.—*Infant.*—Whether the grantee be an infant or adult, there must be some act or declaration, though no particular act or form of words is necessary, by the grantor of a deed of conveyance, from which it may be inferred that he intended to part with his title to the property granted, to constitute a delivery of the deed.

From the Carroll Circuit Court.

*J. Applegate* and *J. H. Gould*, for appellants.

*S. A. Huff, J. W. Nichol, L. B. Sims, J. H. Stewart*, and *A. H. Evans*, for appellees.

DOWNEY, J.—This action was commenced by the appellants against Samuel Casad, to recover the possession of certain real estate described in the complaint. After final judgment in the circuit court, Samuel Casad departed this life. His widow and children are the appellees. The complaint is in the usual form of complaints for the recovery of the possession of real estate, except that the deed under which the appellants claim title is made part of it, and a copy thereof filed with the complaint. The defendant answered by a general denial. Upon a trial by jury, there was a verdict for the defendant, with answers to numerous interrogatories which had been propounded to them. A motion by the plaintiffs for a new trial, and also a motion for judgment on the special findings of the jury, were overruled by the court, and there was final judgment for the defendant. The errors assigned are the refusal to grant a

Burkholder *et al. v.* Casad *et al.*

new trial, and overruling the motion for judgment on the special findings of the jury. The material facts of the case, as disclosed by the evidence, are the following:

John Burkholder, the grandfather of the appellants, purchased, in the years 1830 and 1833, from the United States, some six hundred and ninety-eight acres, and the lands in controversy were included in those purchases. The grandfather died in 1835 or 1836, intestate, and seized of the lands so purchased by him, leaving a widow and two children, Christian and John, the father of the appellants. The dower interest of the widow in said lands was extinguished by proceedings in the Carroll Circuit Court, in the year 1838, and other lands set apart for her. John and Christian Burkholder continued to hold the lands so descended to them, as tenants in common, until October 27th, 1852, when John and his wife executed a deed in severalty to Christian, for the north half of the premises, and Christian, at the request of John, joined with him and his wife in a deed for the other half to the appellants.

This last named deed remained in the possession of John Burkholder until his death, April 3d, 1857. On the 21st day of February, 1853, John Burkholder and his wife executed a deed for the land to Samuel Casad, which was recorded on the 24th day of the same month. The deed from Christian and John Burkholder to the appellants, having been acknowledged on the day after its date, was recorded, at the instance of John Burkholder, on the 30th day of September, 1853. At the date of this deed the appellant John A. Burkholder was less than three years old, and Christopher C. Burkholder, the other appellant, was less than one year old. The appellants are the children of John Burkholder.

The material question of fact in the case was, whether a delivery of the deed had been made by Christian and John Burkholder to the children, the appellants, before the date at which John and his wife executed the deed to Samuel Casad.

The first question made by counsel for the appellants is,

that the court erred in refusing to give the following instruction to the jury at the instance of the appellants:

"The court further instructs you, that you must find that the deed, a copy of which is made a part of the complaint, was executed and delivered upon the day it was acknowledged."

This instruction was moved, we presume, upon the theory that as the deed was referred to in the complaint, and as the pleader professed to make it a part of that pleading, the party thus pleading it was not bound to prove its delivery, which was a part of the act of execution, unless it had been denied by a pleading under oath or by affidavit. If there is no other reason why this rule should not be applied in this case, it is enough to say that the action was not, in any legal sense, founded on the deed, and the deed is not, and does not purport to have been, executed by one of the parties to the action. 2 G. & H. 104, sec. 78, and 105, sec. 80.

In this kind of actions, it is not a proper practice in pleading to set out, *in extenso,* the deeds upon which the parties rely, on each side, to make out their titles. In our judgment, the charge asked was properly refused for the reasons stated.

On the trial of the cause, the defendant Samuel Casad was allowed, over the objection of the plaintiffs, to testify that in a conversation with John Burkholder, a few days before the date of Burkholder's deed to him, Burkholder said that he had made a deed for the lands in controversy to the plaintiffs, but the deed was still under his control and had not been delivered to the children; that he still considered the land his, for he had full control over the deed; and that he, John Burkholder, would make him a warranty deed, and give him a good title, etc. This ruling was made a ground of the motion for a new trial. There is no principle of law, we think, on which the ruling of the court in admitting this evidence can be sustained.

Upon the question as to the non-delivery of the deed, the declarations of John Burkholder, made long afterward, were mere hearsay, and should not have been received against the

plaintiffs. If the deed had been delivered, his declarations, tending to disparage or destroy the title which he had made after he had parted with it, were inadmissible as against his grantees. *Kieth* v. *Kerr*, 17 Ind. 284. In any view of the question, as between the parties to this suit, relating to the delivery or non-delivery of the deed, we think this evidence was wrongly admitted.

A question is made as to what is or is not sufficient evidence of the delivery of the deed by John Burkholder to his children, the appellants. Counsel for the appellants asked this instruction, which was refused:

"The burden of proving a delivery of the deed under which plaintiffs claim does not rest on the plaintiffs, but you are at liberty to find a delivery, unless the evidence introduced by the defendant overthrows the presumption of such delivery, and convinces you that no such delivery was ever made or intended."

We do not think this is the law of the case. We think it is for the party claiming under a deed to show that the deed has been delivered. This may appear from evidence of an actual delivery, or it may be inferred from the attending circumstances.

The court gave the following instructions on the subject of the delivery:

"To constitute a valid deed for the conveyance of land, the instrument must not only be signed by the grantor, but must also be delivered.

"While the deed of a grantor may have been signed and acknowledged, yet if it remains in the control of the grantor and undelivered, it is no deed, and no title can pass thereby until a delivery takes place.

"To constitute a delivery of a deed, there must be some affirmative acts or words on the part of the grantor, showing that he intended to part with his title to the property described in the deed.

"There must be a delivery of a deed to make it valid. In this case, however, if you find that the plaintiffs were of

tender years, the delivery need not be to the plaintiffs in person.   It is sufficient if you find from the evidence, taking into consideration all the circumstances proved as surrounding the transaction, that John Burkholder either delivered it to some one for them, or intended to or did hold said deed for the benefit of his children."

In view of the authorities cited by counsel, on both sides, and which we have examined, we can not say that the rules here given were not as favorable to the appellants as they should have been.   We think there must be some act or declaration on the part of the grantor, from which it may be inferred that he intended to part with the title to the property, and this whether the grantees be infants or adults. The deed may be delivered to the grantee, or to some other person for him.   The delivery may therefore be by leaving the deed with the proper officer to be recorded with intent to deliver it.   Its delivery may be inferred from the fact that it is found in the possession of the grantee, unattended by any controlling circumstances to the contrary.   It may be delivered without being actually handed over, and if once delivered its retention by the grantor does not affect the title of the grantee.

It is clear, however, that a deed may be written, signed, acknowledged, and certified, and still be inoperative for want of delivery.   No particular act or form of words is necessary to constitute a delivery of a deed.   Anything done by the grantor, from which it is apparent that a delivery was intended, either by words or acts, or both combined, is sufficient.   See *Somers* v. *Pumphrey*, 24 Ind. 231, and cases cited.

The evidence in the case under consideration showed that the deed of John Burkholder and his brother to the children was not recorded until after the lapse of six months and more from the time of the making and recording of the deed to Casad, and consequently the recording of the deed could not be successfully relied upon as an act of delivery as against the deed to Casad.

As the case will have to undergo another trial, we deem it best that we should not say anything more about the facts of the case.

The answers to the interrogatories propounded to the jury are such that we can not say that the plaintiffs were entitled to a judgment in their favor upon them, notwithstanding the general verdict.

The judgment is reversed, with costs, and the cause remanded for a new trial.