Tharp *et al. v.* Jarrell.

## Tharp et al. *v.* Jarrell.

Real Estate.—*Action to Recover and Quiet Title.—Fraudulent Conveyance.* —*Acceptance.— Delivery.*—In an action to recover the possession of, and to quiet the title to, certain real estate, the jury, by a special verdict, found that A., the plaintiffs' grantor, being the owner in fee, and in the possession, of such real estate, without the knowledge, assent or acceptance of the grantees, had executed, acknowledged and, six months later, placed on record, but had never delivered, a deed purporting to convey to the plaintiffs, his minor children, in consideration of natural love and affection, the lands in controversy ; that such deed was made with intent to cheat, hinder, delay and defraud his creditors, and not for the purpose of saving the lands for his children ; that he had remained in possession until he had conveyed to the defendant ; that, prior to the execution of the deed, he had mortgaged a portion of the land to the school fund, and, after such deed had been recorded, had purchased such portion and received a conveyance therefor, from the county auditor, on a sale under such mortgage.; that, subsequent to the recording of the deed to the plaintiffs, the residue thereof had been sold at sheriff's sale on an execution against A., to the execution creditor, who thereupon conveyed to A. ; and that, subsequent to the recording of all of such deeds, A. had conveyed the lands in

Tharp *et al. v.* Jarrell.

question to the defendant, who, in good faith, paid a valuable consideration therefor.

*Held,* that the defendant is entitled to judgment.

From the Madison Circuit Court.

*M. S. Robinson, J. W. Lovett* and *A. W. Thomas,* for appellants.

*J. W. Sansberry, E. B. Goodykoontz, W. March* and *J. A. Harrison,* for appellee.

HOWK, J.—In this action, the appellants, as plaintiffs, sued the appellee, as defendant, in a complaint of two paragraphs.

In the first paragraph, the appellants alleged, in substance, that they were the owners in fee-simple, and entitled to the possession, of certain real estate, in Madison county, Indiana, particularly described, which the appellee held possession of without right, and had unlawfully kept them out of the possession of, for seven years; wherefore they demanded judgment for the recovery of the possession of said real estate, and of $1,800 damages for being kept out of the possession thereof.

In the second paragraph of their complaint, the appellants set out their title to said real estate, and they alleged that the appellee claimed to be the owner of said real estate under certain deeds mentioned and described in said paragraph, which deeds, they claimed, were a cloud upon their title; wherefore they asked judgment that said cloud might be removed, and their title quieted to said real estate, and for other proper relief.

The appellee answered in four paragraphs, of which the first was a general denial, and each of the others was an affirmative or special answer. The appellants' demurrers were sustained to the second and third paragraphs, and to the fourth paragraph of the answer they replied by a general denial. The issues joined were tried by a jury, and a special verdict was returned, in substance, as follows:

" We, the jury, being required to find a special verdict, find the facts, as follows :

" 1st. We, the jury, find, that, on and previous to the 25th day of February, 1860, Smith Tharp was the owner in fee, and in possession, of the land described in the complaint; that on said day he signed and acknowledged a deed purporting to convey said lands, with general warranty, in consideration of natural love and affection, to Almira Tharp, Phebe Tharp, John Tharp, William Tharp, Rudolph Tharp, Malinda Tharp and Mary Ann Tharp, all of whom were his minor children, and upon the 5th of September, 1860, caused said deed to be recorded in the deed record of said county, without at any time actually delivering said deed to the persons named as grantees, and without their acceptance or knowledge that said deed was so signed and recorded, with the intention to hinder, delay, cheat and defraud the creditors of said Smith Tharp, and not to save said lands for his said children. We, the jury, find the above true, according to the evidence.

" 2d. The jury further find, that, from and after said 25th day of February, 1860, continuously until the 10th day of December, 1866, said Smith Tharp possessed and occupied said tract of land, as his own property, to the same extent and in the same manner as he had done before the 25th day of February, 1860 ; that, on said 10th of December, 1866, said Smith Tharp, joined by his wife, executed to the defendant, Joseph Jarrell, a deed of general warranty for said land, which was acknowledged and recorded in the deed record of said county, on the 28th day of December, 1866; that said defendant, in good faith, paid full value for said land, and, on the said 10th of December, took full possession thereof under said deed, and has ever since retained such possession, without let, hindrance, claim or demand, by or from the plaintiffs, or either of them, or said Cornelius Beck or Almira Tharp, before the com-

mencement of this action. We, the jury, find the above correct, according to the evidence.

" 3d. The jury further find, that, on the 7th of February, 1860, Smith Tharp executed a mortgage upon the east half of said tract of land to the State of Indiana, to secure a loan of school money, which mortgage was duly acknowledged, and, upon the same day, recorded in the mortgage records of said county of Madison ; that afterward, on the 25th day of June, 1864, the auditor of said county, on account of the failure to pay said loan and interest thereon, in due form of law sold and conveyed, by deed in fee, said east half of said land to said Smith Tharp, which deed was duly recorded in the deed records of said county, on the 27th day of Jan'y, [June ?] 1864. We, the jury, find the above correct, according to the evidence.

" 4th. The jury further find, that, on the 26th of August, 1865, William Nelson, sheriff of said county of Madison, conveyed in fee-simple the west half of said tract of land to James W. Sansberry, in pursuance of public sale previously made to said Sansberry by said sheriff, upon an execution issued upon a transcript of a judgment of a justice of the peace of said county, rendered against said Tharp and in favor of Silas Davis, duly certified and recorded in the records of the common pleas court of said county, which judgment was rendered upon a debt of said Tharp, which had accrued previous to the 25th of February, 1860 ; that said deed was duly acknowledged and recorded in the deed records of said county, on the 25th day of November, 1865 ; that, on the 2d day of September, 1865, said Sansberry sold and conveyed, for a valuable consideration, said west half of said tract of land to Smith Tharp ; that the conveyance was acknowledged on the 25th of November, 1865, was duly recorded in the deed records of said county of Madison. We. the jury, find the above to be correct, according to the evidence.

" 5th. The jury further find, that the plaintiffs, except Almira Beck and Cornelius Beck, are the persons named in said deed, dated 25th of February, 1860 ; that said Almira Beck died since, and before the commencement of this action, leaving the plaintiff Luella Beck, her only child and heir, and Cornelius Beck, her husband. We, the jury, find the above true, according to the evidence. We, the jury, find for the defendant.

.. " 6th. The jury find, that the rental value of the east half of said land, for the six years immediately preceding the 21st day of November, 1873, the commencement of suit, is                                    $735.00

And of the west half,                                    162.00

And of the whole,                                    $897.00."

Upon the return of the special verdict, the appellants moved the court in writing for judgment thereon in their favor, which motion was overruled, and to this ruling they excepted. The appellee also moved the court in writing for judgment in his favor on the special verdict, which motion was sustained, and the appellants excepted to this decision, and the court rendered judgment for the appellee.

The appellants' motion for a new trial was overruled by the court, and to this ruling they excepted and have appealed from the judgment rendered to this court.

The appellants have here assigned, as errors, the following decisions of the court below :

1. In overruling their motion for judgment in their favor on the special verdict ;

2. In sustaining the appellee's motion for judgment in his favor, on the special verdict ; and,

3. In overruling their motion for a new trial.

The first two of these alleged errors may well be considered together ; for each of them presents the question,

What was the proper judgment to be rendered on the special verdict, or rather which of the parties was entitled to a judgment on the verdict? It is very clear, that, if the court erred in overruling the appellants' motion for judgment, it also erred in sustaining the appellees' motion for judgment in his favor; and it is equally clear, that, if the appellants were not entitled to a judgment, the appellee was entitled to a judgment in his favor, on the special verdict of the jury.

It seems to us, however, that the facts found by the jury in their special verdict were not sufficient to show that the appellants were the owners, and entitled to the possession, of the real estate in controversy. Of course, the appellants, as plaintiffs, had the burthen of the issues, and could only recover, if they recovered at all, by the strength and validity of their own title, and not through any defect or weakness in the appellee's title. The jury found, in their special verdict, that, on and before the 25th day of February, 1860, Smith Tharp was the owner in fee and in the possession of the lands described in the appellants' complaint; and further, that, while the said Smith Tharp was thus the owner and in possession of said lands, he signed, acknowledged and caused to be recorded a deed conveying the said real estate to the appellants in this action. But the jury failed to find, as it seems to us, that the said Smith Tharp ever delivered, or intended to deliver, either actually or constructively, the said deed of conveyance so signed and acknowledged by him, and recorded as aforesaid, to the appellants, or either of them. It needs hardly to be said that the delivery of a deed, by the grantor to the grantee, is an essential part of its execution. Without such delivery, a deed of conveyance, though signed, acknowledged and recorded, is wholly inoperative, and passes no title whatever to the premises therein described.

In the first clause of their special verdict, as we have seen, the jury found that the said Smith Tharp had signed and acknowledged the deed to the appellants, under which they claimed title to the lands in controversy, and had caused the said deed to be recorded, without at any time delivering said deed to the grantees therein, and without their acceptance thereof or knowledge of its signature and record, with the intent to cheat, hinder, delay and defraud his creditors, and not to save said lands for his children, the grantees in said deed. In the face of this finding of the jury, we fail to see upon what legal ground the appellants can claim any valid title to the lands in controversy under Smith Tharp's deed; for the jury have found, not only that there was no delivery of said deed, but that there had been no acceptance of the deed by the grantees therein. It is well settled, we think, that such a deed will not operate as a conveyance of any title whatever to the persons named therein as grantees. *McNeely* v. *Rucker*, 6 Blackf. 391; *Goodsell* v. *Stinson*, 7 Blackf. 437; *Dearmond* v. *Dearmond*, 10 Ind. 191; *Woodbury* v. *Fisher*, 20 Ind. 387. It seems to us, therefore, that the court committed no error, either in overruling the appellants' motion, or in sustaining the appellee's motion, for a judgment on the special verdict.

In regard to the third alleged error, the overruling of the motion for a new trial, the appellants' counsel say, in their brief of this cause: "We are satisfied the bill of exceptions is imperfect as to the evidence, and we will not, therefore, argue the motion for a new trial." This is equivalent to an express waiver of the third alleged error.

The judgment is affirmed, at the appellants' costs.