Squires *et al. v.* Summers *et al.*

---

No. 9702.

SQUIRES ET AL. *v.* SUMMERS ET AL.

DEED.—*Delivery.*—*Escrow.*—*Depositary.*—*Agreement.*—A deed, made in consideration of natural love and an agreement for support, to two sons and the wife of another son, was, after signing and being acknowledged, handed by the grantor to the husband of the female grantee, with the direction, " Take it and give it to some one to keep while I live, then to be recorded." It was accordingly given to the grantor's wife, and by her kept until the grantor's death, and then was recorded, though the grantor had, a few days after the transaction, said it had not been delivered. *Held,* a good delivery of the deed.

From the Martin Circuit Court.

*W. R. Gardiner, S. H. Taylor, T. M. Clark* and *E. Moser,* for appellants. ·

*J. T. Rogers* and —— *Shirey,* for appellees.

BICKNELL, C. C.—This was an action for partition by the appellants against the appellees, who claimed that one of the tracts in controversy belonged to them 'exclusively, under a conveyance from the common ancestor.

The cause was tried by the court, who stated in writing a special finding of the facts and the conclusions of law thereon.

The conclusions of law were, that the appellants were entitled to partition of one of the tracts only, and that the appellees owned the other exclusively; the court also found that the land owned jointly by all the parties ought to be sold, and appointed a commissioner therefor. ·

The record states that the plaintiffs objected and excepted

to the conclusions of law and to the judgment of the court therein, and prayed an appeal. There was nothing to appeal from except the order of sale. 2 R. S. 1876, pp. 245–6, secs. 576, 577; *Kern* v. *Maginniss,* 41 Ind. 398; *Hunter* v. *Miller,* 17 Ind. 88. There is no brief for the appellee. The appellant, in his brief, says the only question is, whether the deed relied on by the appellees was delivered to the grantees therein named. The facts were found to be as follows:

The deed was a warranty deed in the statutory form. The grantees were two sons of the grantor, Richard Summers, Sr., and the wife of a third son. The consideration expressed in the deed was "love and affection, and agreement by the grantees to take care of and provide for said Richard Summers, Sr., and Paulina, his second wife, during their natural lives, to treat them kindly in sickness as well as in health, and to provide them a suitable and respectable burial at their death." The deed was dated May 17th, 1879; the grantor, Richard, Sr., died in December, 1879.

The deed was executed and duly acknowledged by Richard Sr., and Paulina his wife, in the presence of Thomas Sutton, the justice who took the acknowledgment, and Aaron Summers, husband of the grantee Mary Summers; the other grantees were Richard Summers, Jr., and Thomas Summers.

After the deed was signed and acknowledged, the justice handed it to Richard Summers, Sr., who handed it to Aaron Summers, the husband of one of the grantees, saying, "take it and give it to some one to keep while I live, then to be recorded." Aaron took the deed, saying to Richard, Sr., "I will give it to Paulina." Richard, Sr., then said to her, "Take it and put it away in the drawer, and take care of it until I die; then it is to be recorded." She took the deed and put it in the drawer, where it remained until Richard, Sr., died. A few days after his death Paulina gave the deed to Aaron Summers, and he had it recorded. After the execution of the deed Richard, Sr., expressed dissatisfaction with the deed, and asked Paulina where it was; when told that it was in the

drawer, he said that " they had forfeited it; that it had never been delivered, and that, if it had been, the other children could have it set aside; and that, as soon as he got able, he would go to town and have a deed made to suit him." This he said in the presence and hearing of Thomas Summers, one of the grantees. Upon these facts there was no error in the conclusion of the court that the title to the land therein conveyed was vested in the grantees.

The possession by the grantee of a deed regularly executed is *prima facie* evidence of its delivery. *Games* v. *Stiles,* 14 Peters, 322, 327; *Berry* v. *Anderson,* 22 Ind. 36.

If a deed be duly delivered in the first instance, it will operate, though the grantee suffer it to remain in the custody of the grantor. *Souverbye* v. *Arden,* 1 Johns. Ch. 240; *Doe* v. *Knight,* 5 Barn. & C. 671.

When a deed is delivered to a third person for the use of the grantee, the deed will take effect from the instant of such delivery, if the grantor parts with all control over the instrument. *Stewart* v. *Weed,* 11 Ind. 92. Here the deed was actually delivered by Richard Summers, Sr., to the husband of one of the grantees, with the direction, " Give it to some one to keep while I live, then to be recorded."

This was a delivery for the use of all the grantees. *Stout* v. *Dunning,* 72 Ind. 343. As against the grantor and his heirs, the title passed without any recording. 4 Kent's Com. 456, and was not affected by the direction, " then to be recorded." The directions, however, were faithfully observed; the deed was kept by the depositary, until Richard, Sr., died, and was then recorded. The dissatisfaction expressed by Richard, Sr., after the completion of the transaction, could not impair the effect of the previous delivery of the deed, which was absolute and without any condition affecting the title.

Even where a deed is delivered as an escrow, subsequent instructions by the grantor to the depositary can not change the original nature of the transaction. *Robbins* v. *Magee,* 76 Ind. 381. Even if there be any doubt as to the original de-

livery of the deed, yet in this case the deed was kept by the depositary, Paulina, until the grantor. died, and was then by her delivered in pursuance of the previous directions of the grantor.

The order of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the order of the court below be and it is hereby in all things affirmed, at the costs of the appellants.