.Filed March 14, 1884.

No. 9418.

VAUGHAN v. GODMAN ET AL.

DEED.—*Infant Grantee.—Acceptance.—Delivery.—Pleading.— Quieting Title.— Conveyance by Parent to Child.*—A complaint by a father against his daughter to quiet title alleged title in the plaintiff, the making and recording of a deed by the plaintiff to the defendant, then a child of five years, without her knowledge, and that the deed was never delivered to her, but always retained by the plaintiff. It was also alleged that the plaintiff retained the possession, and improved the property and made and recorded the deed only to avoid an unfounded claim against him, upon which suit was threatened.

*Held,* that as the ultimate fact of non-delivery was distinctly alleged the complaint was good on demurrer.

*Held,* also, that the circumstances of the transaction, as alleged, were merely evidence upon which the court could not, as a matter of law, determine on demurrer that there was a delivery, notwithstanding the express averment that there was none.

SAME.—*Delivery.*—For a valuable collection of authorities as to what constitutes delivery of a deed, see opinion.

From the Tippecanoe Circuit Court.

*W. C. Wilson, J. H. Adams, J. A. Wilstach, J. W. Wilstach, W. D. Tobin* and — *Walsh,* for appellant.

*J. R. Coffroth* and *T. A. Stuart,* for appellees.

ZOLLARS, J.—Appellant commenced this action against his daughter Catharine and her guardian, McGrath. The purpose of the action was to set aside a deed from appellant to the daughter, and quiet the title to the real estate therein described in him, or, if this could not be done, to have a lien de-

clared in his favor for the amount expended upon the real estate subsequent to the deed, and for other sums expended for the daughter.

Since this appeal was taken Catharine has been married, the guardian has been discharged, the case dismissed as to him, and the husband of Catharine, Claude Godman, has been made a party. This, as counsel for appellant concede, eliminates from the case the question of a lien for the amount expended by appellant, and leaves as the sole question for decision the validity and force of the deed.

The case is presented for review upon the ruling of the court below in sustaining a demurrer to the third paragraph of the complaint. The averments of that paragraph, so far as they need be set out, may be summarized as follows: Appellant was the owner of parts of two lots in the city of La-fayette, which he acquired by purchase and deeds—one in the year 1864 and one in 1865. This property was bought for a family residence, was paid for by appellant out of his earn-ings, and constituted the whole of his property. In 1859 appellant married Mrs. Shay; she did not at that time, nor did she at any time thereafter, own any property. Appellee Catharine was born in 1861; when she was five years old a brother of the mother's deceased husband threatened to sue appellant for a debt of $500, due him from the deceased hus-band, which appellant had never, in any manner, obligated himself to pay. At this juncture appellant consulted a dis-tinguished lawyer, and upon his advice, as stated in the com-plaint, appellant and his wife " conveyed both said pieces of real estate to their said daughter, said defendant Catharine Vaughan, in order that the said plaintiff and his wife might not be molested with a lawsuit, and that the property might be preserved in the family, without expense of a litigation, by a deed dated October 19th, 1867, without any consideration, except the purpose of preserving the property, and for the expressed consideration of one dollar."

The averments of the complaint in relation to the delivery

of the deed are as follows: " Plaintiff further avers, * * that said Catharine Vaughan, at the date of said deed, was only of the age of five years; that said deed was never delivered to her; * * * that this plaintiff, without any knowledge on the part of said Catharine Vaughan, took said deed, on the 21st day of October, 1867, to the office of the recorder of said county, and procured and paid for the recording of the same, and on or about the 1st day of November, 1867, obtained the same again from said recorder, and placed the same with his own papers, where it has ever since remained, and has never left his possession, nor been in the possession of said Catharine Vaughan, nor any other person except this plaintiff and his counsel. And the plaintiff further says and expressly avers, that said deed to said Catharine Vaughan was never delivered to her, nor to any person or persons for her; she had no knowledge whatever of said deed at the time it was signed, nor for more than twelve years thereafter, and the title was never accepted by her, nor possession taken by her, nor by any person for her (except the recent possession of said guardian appointed December 29th, 1880, be accounted such possession)."

It is further made to appear by the complaint that appellant occupied the property as a family residence until the death of his wife, and for some time thereafter, and remained in the possession until the appointment of the guardian for Catharine in 1880, paid the taxes, made improvements, collected the rents, etc.

McGrath was appointed guardian on the election of the daughter. After his appointment, and until the beginning of this suit, he collected the rents. It is further averred that at the solicitation of the daughter the guardian was about to apply for an order to sell the property.

The first and most important question presented by this complaint is, are the facts stated such that the court may pro-

nounce upon them, as a matter of law, that the deed was or was not delivered?

The contention of appellee is that the complaint shows a delivery and acceptance of the deed, that a voluntary conveyance is good between the parties, and that appellant can not call the deed in question, because he had a fraudulent purpose in its execution. The position of appellant is the converse of this.

The adjudications establish the following, viz. :

A deed is not effectual to convey title without a delivery or what is equivalent to a delivery. *Tharp* v. *Jarrell*, 66 Ind. 52; *Love* v. *Wells*, 25 Ind. 503; 3 Washb. R. P. (4th ed.), p. 282, *et seq.*; *Fletcher* v. *Mansur*, 5 Ind. 267; *Gray* v. *State*, 9 Ind. 25.

A deed may be delivered by words without actions, and by actions without words. It may be delivered without being actually handed over. It may be delivered without being put into the hands of the grantee, as by leaving it with a third person. *Nye* v. *Lowry*, 82 Ind. 316; *Dearmond* v. *Dearmond*, 10 Ind. 191; *Burkholder* v. *Casad*, 47 Ind. 418; *Fewell* v. *Kessler*, 30 Ind. 195; *Somers* v. *Pumphrey*, 24 Ind. 231; *Stewart* v. *Weed*, 11 Ind. 92; *Guard* v. *Bradley*, 7 Ind. 600; *Squires* v. *Summers*, 85 Ind. 252. And so a deed may be delivered by the grantor having it recorded, if his purpose in so doing is to effectuate a delivery. *Taylor* v. *McClure*, 28 Ind. 39; *Somers* v. *Pumphrey*, *supra*; *Mallett* v. *Page*, 8 Ind. 364; 3 Washb. R. P. (4th ed.), p. 284; *Tallman* v. *Cooke*, 39 Iowa, 402.

If a deed is found in the possession of the grantee, or is recorded by the procurement of the grantor, a delivery will be presumed, but this presumption is not conclusive.

Such facts are competent evidence of a delivery. From them there arises a presumption of a fact, which makes a *prima facie* case. This presumption may be overthrown by evidence. The question of delivery is a question of fact to be determined on the evidence. In all disputes as to whether

or not a deed has been delivered, the most important inquiry is to ascertain the intent of the grantor in the act, or several acts, which, it may be claimed, constitute a delivery. Did he intend to part with all control over the deed? Did he intend to divest himself of the title and lodge it in the grantee?

In the case of *Mallett* v. *Page, supra,* it was said: " It seems equally clear that the mortgage was delivered. It was left for record at the proper office, and that is *prima facie* a delivery. * * * A deed may be delivered by any acts or words evincing the intention of the grantor to deliver it."

In the case of *Berry* v. *Anderson,* 22 Ind. 36, it was said : " To constitute a delivery there must be *intention* to part with control over the deed as its owner."

It was said in the case of *Somers* v. *Pumphrey, supra,* that " The law does not prescribe any particular form of words, or actions, as necessary to consummate a delivery. Anything done by the grantor, from which it is apparent that a delivery is thereby intended, either by words or acts, or by both combined, is sufficient."

In the case of *Hotchkiss* v. *Olmstead,* 37 Ind. 74, this court said : " To constitute a delivery there must be an intention to part with the control over the instrument, and place it under the power of the grantee, or some one for his use."

It was said in the recent case of *Nye* v. *Lowry, supra:* " Some question is made as to what constitutes a delivery. ' It is much a question for the jury in each particular case.' " See, also, to the same effect, *Dearmond* v. *Dearmond, supra.*

In the case of *Squires* v. *Summers, supra,* it was said that " The possession by the grantee of a deed regularly executed is *prima facie* evidence of its delivery." See, also, *Burkholder* v. *Casad, supra.*

In 3 Washburn on Real Property (4th ed.), p. 286, the author says : " In undertaking to define what will constitute a delivery of a deed, it is said that it may either be ' actual, that is, by doing something, and saying nothing ; or verbal, that is, by saying something, and doing nothing ; or it may be

by both.' But it must be by something answering to the one or the other, or both these, and with an intent thereby to give effect to the deed." See, also, the same volume, pp. 291 and 296; *Methodist Church* v. *Jaques*, 1 Johns. Ch. 450.

In the case of *Thatcher* v. *St. Andrew's Church*, 37 Mich. 264, the court said: "The act of delivery is not necessarily a transfer of the possession of the instrument to the grantee and an acceptance by him, but it is that act of the grantor, indicated either by acts or words or both, which shows an intention on his part to perfect the transaction, by a surrender of the instrument to the grantee, or to some third person for his use and benefit."

A part of the syllabus in the case of *Mitchell* v. *Ryan*, 3 Ohio St. 377, which states correctly the points decided, is as follows: "The record of a deed is *prima facie* evidence of its delivery. Such *prima facie* case may be rebutted by proof." See, also, *Byars* v. *Spencer*, 101 Ill. 429.

In the case of *Jones* v. *Swayze*, 42 N. J. 279, the court, in reviewing the authorities, said: "In *Zenos* v. *Wickham*, 106 E. C. L. Rep. 381, reviewed in the Exchequer Chamber (108 E. C. L. Rep. 435), and ultimately decided in the House of Lords (108 E. C. L. Rep. 861), it appears that the circumstances which go to make out a delivery are to be treated as indications of intention, and that the fact of delivery resolves itself into a question of intention."

In the case of *Gilbert* v. *North American Fire Ins. Co.*, 23 Wend. 43, it was said, citing *Jackson* v. *Perkins*, 2 Wend. 308, that "The fact that the deed had been recorded, was only *prima facie* evidence of a delivery, which might be rebutted." See, also, Martindale Law of Conv., sections 204, 205, 206, 212 and 222, and cases cited under each section.

As there must be a delivery, so there must be an assent or acceptance by the grantee, in order that title may be conveyed by the deed. The acceptance must be contemporaneous with the delivery, unless the act of delivery be a continuing one in its nature, such as leaving the deed with a third party, hav-

ing it recorded, etc. As in the case of delivery, so the assent or acceptance may be evidenced by word, or any act which shows the intent. In some cases, a presumption of acceptance will arise from the nature of the grant, the manner of the delivery and the relation of the parties. This is especially so in cases of infant grantees, which are said to be exceptions to the general rule.

The weight of authority seems to be that if the grant to an infant be a gift, and beneficial, and the mode of delivery is by the grantor having the deed recorded, the acceptance by the infant will be presumed, as contemporaneous with the delivery, even though the infant may have no knowledge of the grant. It is said in a recent treatise : "And where a father made a deed to his minor son and caused it to be recorded, it was held to be a sufficient delivery to the infant, and that the title passed thereby. The law presumes more in favor of the delivery of a deed in case of a voluntary settlement, especially when made to an infant." Martindale Law of Conv., section 205.

Again : " It seems that where a grant is a pure unqualified gift, the presumption of acceptance can only be rebutted by proof of actual dissent, especially if the grantees are infants, or persons under disability to assent." Martindale Law of Conv., section 209.

Again : "Voluntary conveyances, made to infants and persons under disability, * * * may be considered, in some degree, as forming exceptions to the general rule, that an actual acceptance is necessary." Martindale Law of Conv., section 214.

In the case of *Cecil* v. *Beaver*, 28 Iowa, 241 (4 Am. R. 174), Mr. Chief Justice DILLON, in delivering the opinion of the court, said : " Where the deed to the child is absolute in form and beneficial in effect, and the grantor and father voluntarily causes the same to be recorded, this is in law a sufficient delivery to the infant, and the title to the lands conveyed will pass thereby. In such case actual manual delivery and a formal

acceptance are not necessary." In this case the facts were that the grantees were the children of the grantor, and were minors at the time the deeds were made; no consideration was paid by the children; the father caused the deeds to be recorded, but kept possession of them and of the land, and that soon after the execution of the deeds the children were made acquainted with the fact. The action was by the father against the children to quiet the title in him.

In the case of *Mitchell* v. *Ryan, supra*, the facts were that without any money consideration the father made a deed to a minor child and had it recorded. When the deed was made and recorded, the grantee was absent and knew nothing of it, nor did she know of it during her life. The father retained the possession of the deed and of the land. The suit was between the lessees of the heirs of the grantee and a subsequent grantee of the father. Mr. Chief Justice THURMAN, in delivering the opinion of the court, said: "But where the grant is a pure, unqualified gift, I think the true rule is that the presumption of acceptance can be rebutted only by proof of dissent; and it matters not that the grantee never knew of the conveyance, for as his assent is presumed from its beneficial character, the presumption can be overthrown only by proof that he *did* know of and *rejected* it. If this is not so, how can a deed be made to an infant of such tender years as to be incapable of assent? Is it the law, that if a father make a deed or gift to his infant child, and deliver it to the recorder to be recorded for the use of the child, and to vest the estate in it, the deed is of no effect until the child grow to years of intelligence and gives its consent? May the estate, in the meantime, be taken for the subsequently contracted debts of the father, or will the statute of limitations begin to run in favor of a trespasser, upon the idea that the title remains in the adult? Or, will the conveyance entirely fail, if either grantor or grantee die before the latter assent? I do not so understand the law. In such a case, the acceptance of the grantee is a presumption of law, arising

from the beneficial nature of the grant, and not a mere presumption of an actual acceptance. And for the same reason that the law makes the presumption, it does not allow it to be disproved by anything short of actual dissent."

It is not necessary for us, in this case, to express an opinion as to the correctness of the doctrine announced by the learned judge, so far as it may be applicable to adult grantees. So far as it applies to infant grantees, it commends itself to our judgment. See 3 Washb. Real Prop. (4th ed.), p. 284. A part of the syllabus in the case of *Spencer* v. *Carr*, 45 N. Y. 406 (6 Am. R. 112), which is a correct statement of the ruling in the case, is, "In the case of a grantee only six years of age, where the grant is beneficial, an acceptance of the deed will be presumed." In this case the grantors, the parents, had caused the deed to be recorded. See, also, *Bryan* v. *Wash*, 7 Ill. 557 ; *Reed* v. *Douthit*, 62 Ill. 348 ; *Rivard* v. *Walker*, 39 Ill. 413.

It was said by this court, in the case of *Guard* v. *Bradley*, 7 Ind. 600, in speaking of infant obligees in a bond : " The obligees were not present; but an unconditional delivery to the grandmother for their use, and their subsequent acceptance of it, especially by bringing this suit, were sufficient. Besides, their acceptance may be presumed from the beneficial nature of the transaction."

When a deed has been delivered and accepted, the title vests in the grantee, and the subsequent possession of the deed by the grantor will not affect that title. *Squires* v. *Summers*, 85 Ind. 252, and cases cited.

Applying the rules above stated, how stands the case in hearing?

It is shown by the averments in the complaint that if title was conveyed by the deed, it was as a gift, which was beneficial to the infant grantee. If, then, the deed was delivered with the intention of conveying title, the grantee being an infant daughter, her acceptance will be presumed as of the

date of delivery. We need not, therefore, concern ourselves about what the guardian did.

The important question, then, and the one to which the arguments of appellant's counsel are directed, is, was there such a delivery? Are the averments of the complaint such that we can declare upon them, as a matter of law, that there was such a delivery? The averment in the complaint is twice repeated, that the deed was never delivered to the daughter appellee, nor to any person for her. This is the ultimate fact, and we think it is properly averred. It is true that in another portion of the complaint, it is stated that appellant and wife, by a deed, conveyed the property to the daughter. Ordinarily, the word " conveyed " implies both a delivery and acceptance, but it can not mean this much, when opposed in the same paragraph with the positive declaration that the deed never was delivered. That the property was the result of appellant's labor, and was all the property he owned; that he thought it was endangered by an unfounded claim; that the grantee was his daughter of tender years; that he and wife deeded the property to her without any money consideration, under the advice of a lawyer, to protect it from the unfounded claim, and thus, as stated, preserve it in the family; that without the knowledge of the daughter the deed was made and recorded; that she had no such knowledge for twelve years after the deed was so recorded; that during all that time appellant had, and still has, possession of the deed; that the property was bought for, and used as a family residence, and was improved by appellant, are all evidentiary facts, to be considered by the court or jury trying the cause, and may tend in greater or less degree to establish the ultimate fact, as to whether or not the deed was delivered.

They may show, or tend to show, whether or not, when appellant caused the deed to be recorded, it was with the intention of thereby consummating a delivery to appellee, and thus investing her with the legal title.

We can not pronounce, as a matter of law, upon the de-

murrer to the complaint,. that these evidentiary facts set up therein overthrow the positive averment that the deed was never delivered. What weight should be given upon the trial to these evidentiary facts, thus alleged, it would not be proper for us to say in passing upon the demurrer. *Jones* v. *Swayze, supra; Somers* v. *Pumphrey, supra* (239 *et seq.*). See, also, *Tharp.* v. *Jarrell,* 66 Ind. 52.

Nor do we think it would be proper at this time to express an opinion as to what might be the rights and remedies of the parties, should it be made to appear that the deed was in fact and in law delivered. It is sufficient that we hold the third paragraph good, and that the court below erred in sustaining the demurrer. On account of this error the judgment is reversed, with instructions to the court below to overrule the demurrer.

NIBLACK, J., did not participate in the decision of the cause.
ELLIOTT, J., dissents.

