Anderson *et al. v.* Anderson *et al.* .

Filed Nov. 15, 1890.

———————◆———————

No. 14,318.

ANDERSON ET AL. *v.* ANDERSON ET AL.

DEED.—*Delivery.*—*Evidence Insufficient to Establish.*—A. after signing and acknowledging deeds conveying land to two of his sons placed them in a box in a room which he occupied with the family of one of them. While the deeds were in the box, in the absence of the father, and without his consent, the sons opened the box and read the deeds but did not take them.  He never told either of his sons that the deeds were in the box, gave the grantees no authority to take them from the box, nor told them they were entitled to do so.  He made no effort to deliver the deeds, and at no time did they pass out of his control and under the control of the sons or any one in their behalf.  After his death the deeds could not be found.

*Held,* that there was no delivery.

From the Washington Circuit Court.

*J. A. Zaring, M. B. Hottel, D. M. Alspaugh* and *J. C. Lawler*, for appellants.

*S. H. Mitchell* and *R. B. Mitchell,* for appellees.

OLDS, J.—This is an action by the appellants against the appellees for the partition of certain real estate. The appellees, Eli W. Anderson and Edmond Anderson, answered the complaint, and filed separate cross-complaints, setting up title to certain portions of the land described in the complaint; each setting up, in his cross-complaint, that his father, Aaron Anderson, deceased, in his lifetime, conveyed a certain portion of the land sought to be partitioned to him; that Aaron retained a life-estate in the same, and asked to be adjudged the owner. They also, in another paragraph, alleged the conveyance; that the deed had never been recorded, and, without their fault, the deeds had been lost, or destroyed; that in pursuance of such conveyances the grantor had placed the grantees in possession of their respective tracts; that they had since held exclusive possession of the same, and relying on such conveyances had made valuable improvements. The complaint alleges that Aaron Anderson died the owner of said lands, and that the parties derived title to their respective shares by inheritance from him. Issues were joined and a trial had, resulting in a verdict and judgment in favor of said appellees, Eli W. and Edmond Anderson, for their respective tracts of land. Appellants filed a motion for a new trial. The first cause for a new trial is, that "the verdict of the jury is not sustained by sufficient evidence." The motion for a new trial was overruled and exceptions reserved, and this presents the principal question in the case.

It is contended by counsel for the appellant that there is no evidence establishing the fact that Aaron Anderson in his lifetime executed deeds of conveyance to Eli W. and Edmond Anderson for the lands described in the cross-complaints of Eli W. and Edmond Anderson, and therefore there is no ev-

idence authorizing a verdict in favor of either of them on their cross-complaints. If the evidence does not establish the execution of deeds by Aaron Anderson to his sons Eli W. and Edmond, for the respective tracts claimed by them, then the court erred in overruling the motion for a new trial, and the judgment must be reversed.

There is some evidence from which the jury may have found that Aaron Anderson in his lifetime, in the latter part of May, 1885, went to the recorder's office in the county in which he resided, and had made out deeds to Eli W. and Edmond Anderson for the respective tracts claimed by them in their cross-complaints, and signed and acknowledged the same; that the deeds were, in form, warranty deeds, reserving to said Aaron a life-estate in each tract; but the vital question in the case is as to whether such deeds were ever delivered or not.

The very strongest phase of the evidence in support of a delivery is to the effect that Aaron Anderson and his son Eli W. Anderson, and his family, lived in one house, the father having his bed, a bureau, and some other articles of furniture in one room, which he occupied, and which was also occupied by the family of Eli W. for a sitting room, and in which they also had some articles of furniture. The father also had a tin box which sat upon the mantel in the room in which he kept his deeds, and other papers. Eli W. also kept some papers in the box, but the box belonged to his father.

After signing and acknowledging the deeds the grantor Aaron took them and brought them home in envelopes, and put them in the tin box on the mantel in the room occupied by him as hereinbefore stated, and they remained in the box until a short time before his death. He died on March 9th, 1886. While the deeds were in the box, in the absence of the father, and without his consent, Eli W. and Edmond opened the box and saw and read the deeds, but did not take them. A few weeks prior to his death he stated to a third

person that he had no land, that he had deeded it to his sons; that Nelson had his deed, and Eli W. and Edmond's deeds were in the box for them. He never told either Eli W. or Edmond that the deeds were in the box, or directed them to take the deeds, or said anything to them about delivering the deeds to them, or either of them. Immediately after Aaron's death search was made for the deeds, and they were not to be found, and were not in the box where they had been kept, nor did they ever come into the actual possession of Eli W. or Edmond, or either of them.

The wife of Edmond testified that Aaron said to her that he had said to Edmond he had given the farm to her and Edmond.

A daughter of Nelson Anderson testified to her grandfather, Aaron Anderson, handing her these deeds in envelopes in the fall before he died; one endorsed deed to Nelson, one deed to Eli W., and one deed to Edmond, and asked her to pick out the deed of her father's. She did so, and he placed it in the bureau drawer. She testified that she then went out, leaving her grandfather with the other two deeds in his hands.

There is evidence to show that Aaron stated to his son Nelson that he had burned the deeds to Eli W. and Edmond. There is also some evidence to show that Eli W. and Edmond did not regard themselves as having any title to the land after the death of their father.

This evidence we do not think establishes a delivery of the deeds, or either of them. It is clear that the old gentleman retained the deeds in his possession and control. He was living in the same house with Eli W., one of the grantees, at the time he died. After his death the deeds were not to be found. The strong presumption is that he destroyed them. He made no effort to deliver the deeds. He gave the grantees no authority to take them from the

box where he kept them; he never told them they were entitled to do so.

In the case of *Stokes* v. *Anderson*, 118 Ind. 533, it was held that where a grantor signed and acknowledged a deed, and left it upon the table, but did not say or do anything to indicate an intention to deliver it, and reserved the right to examine it next day, and it was agreed that if it was incorrect the corrections should be made, and while the papers were so lying upon the table they were taken possession of by a person for the grantee, it did not constitute a delivery. In that case this language is quoted approvingly: "But if a man throws a writing on a table and says nothing, and the party takes it, this does not amount to a delivery, unless it be found to have been put there with intent to be delivered to the party." See authorities cited in that case.

In *Stevens* v. *Stevens*, 150 Mass. 557, speaking of the delivery of a deed, it is said: "It must appear that the grantor parts with the control of the instrument with the intention that it shall operate immediately as a conveyance of title, and that it passes into the hands or is placed at the disposal of the grantee or of some other person in his behalf." In this case the deed did not pass from the control of the grantor, or into the hands of, or under the control and disposal of the grantee, or any other person for him.

In *Dearmond* v. *Dearmond*, 10 Ind. 191, it is said: "To be delivered, it would seem that the deed must pass under the power of the grantee, or some person for his use, with the consent of the grantor." *Berry* v. *Anderson*, 22 Ind. 36.

In the case of *Stewart* v. *Weed*, 11 Ind. 92, the court quotes, approvingly, this language: "Delivery to a third person, for the use of the party in whose favor the deed is made, provided the grantor parts with all control over the instrument, will make the deed effectual from the instant of such delivery."

In *Woodbury* v. *Fisher*, 20 Ind. 387, the court says: "A deed or mortgage must not only be delivered to, but must

be accepted by the grantee or mortgagee, otherwise the title does not pass. ' To be delivered, it would seem that the deed must pass under the power of the grantee, or some person for his use with the consent of the grantor.' " *Wilson* v. *Cassidy,* 2 Ind. 562; *Tharp* v. *Jarrell,* 66 Ind. 52; *Freeland* v. *Charnley,* 80 Ind. 132 ; *Vaughan* v. *Godman,* 94 Ind. 191; *Jones* v. *Loveless,* 99 Ind. 317 (326) ; *Devol* v. *Dye,* 123 Ind. 321.

In *Purviance* v. *Jones,* 120 Ind. 162, the court says: " While it is not indispensable that there should have been an actual, manual transfer of the instrument from the maker to the payee, yet to constitute a delivery it must appear that the maker, in some way, evinced an intention to make it an enforceable obligation against himself, according to its terms, by surrendering control over it, and intentionally placing it under the power of the payee, or of some third person for his use. The acts which consummate the delivery of a promissory note are not essentially different from those required to complete the execution of a deed." The court further says : " There is nothing in the facts found to indicate that the intestate ever surrendered control of the note, or that it ever was within the power or control of the plaintiff, or of any person for his use and benefit."

It is clearly deducible from the authorities, that to constitute a delivery of a deed there must be a complete surrender and parting with the control of the same by the grantor, and it must pass under the power and control of the grantee, or some person in his behalf. In this case there is no evidence to show that the deeds to Eli W. or Edmond, or either of them, ever passed from the control of the grantor, or under the power and control of the grantees, or either of them, or any person for their use. The deeds were made out, signed, and acknowledged by the grantor, and were kept and retained by him, in his control, until they were destroyed, or lost, and never passed into the possession or control of the grantees. There was no evidence to sustain the verdict

upon this point, and the court erred in overruling the appellants' motion for a new trial, and the judgment must be reversed.

The other questions presented may not again arise, and it is, therefore, unnecessary to consider and decide them.

Judgment reversed, at costs of appellees, with instructions to the court below to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Filed June 6, 1890; petition for a rehearing overruled Nov. 15, 1890.