PETRE *v.* PETRE ET AL.

[No. 9,666. Filed December 18, 1918.]

1. APPEAL.—*Review.*—*Refusal of Instructions.*—It is not error for the trial court to refuse tendered instructions which, as far as correct and applicable, were covered by others given. p. 60.

2. DEEDS.—*Possession of Recorded Deed by Grantee.*—*Presumption of Delivery.*—The presumption that a duly recorded deed found in the possession of the grantee was delivered is not conclusively overcome by proof that the grantors retained possession of the deed after it has been recorded, although such fact may be considered in determining the question of delivery. p. 60.

3. TRIAL.—*Instructions.*—*Invading Province of Jury.*—In an action to quiet title and to set aside a deed, instructions on presumption of delivery of a duly recorded deed found in grantee's possession, leaving to the jury the determination of all questions of fact, *held* not to invade the province of the jury. p. 63.

4. DEEDS.—*Delivery.*—*Evidence.*—*Recording.*—Where a grantor causes a deed to be duly recorded in the proper official records, it affords *prima facie* evidence of a delivery, and is sufficient to complete the execution of the instrument, unless overcome by evidence to the contrary. p. 63.

5. DEEDS.—*Delivery.*—*Evidence.*—*Retention by Grantor After Recording.*—Where the statute makes the record admissible as original evidence of a conveyance, the fact that grantor retains possession of a deed after it has been duly recorded may be considered in determining the ultimate question of delivery, but it is not necessarily controlling. p. 63.

6. DEEDS.—*Delivery.*—*Evidence.*—*Possession by Grantee.*—Possession of a deed by the grantee is *prima facie* evidence of delivery and is sufficient against one who seeks to set it aside until overcome by sufficient proof to the contrary. p. 64.

7. DEEDS.—*Delivery.*—*Grantor's Intention.*—The intention of the grantor is the controlling fact to be considered in determining whether there has been a delivery of a deed otherwise executed. p. 64.

8. DEEDS.—*Delivery.*—*Words.*—*Actions.*—A delivery of a deed may be made effective by words without action, and likewise actions without words, or by a combination of both words and conduct. p. 64.

9. DEEDS.—*Delivery.*—*Evidence.*—The question of the delivery of a deed is one of ultimate fact to be determined from all the evidentiary facts and circumstances shown by the evidence which have any probative value bearing upon such ultimate fact. p. 64.

10. INFANTS.—*Deeds of Conveyance.*—*Acceptance.*—*Presumption.* —Where the conveyance is a gift, and the grantors are minors, the law presumes their acceptance based upon the facts of their minority and legal disability to contract, and the beneficial character of the conveyance. p. 64.

11. DEEDS.—*Delivery.*—*Evidence.*—In an action to set aside a deed, evidence *held* sufficient to warrant the jury in drawing the inference that the grantors had in fact caused the deed to be placed of record, intending thereby to deliver the same to the grantees. p. 66.

12. DEEDS.—*Acceptance.*—*Evidence.*—Where a duly recorded deed conveying a life estate to plaintiff grantee, with the fee to his minor children, was held by him for ten years during all of

which time he used the land conveyed, and the law conclusively presumed acceptance by the minor grantees, the jury in an action to set aside the deed was warranted in finding the facts of its delivery to, and acceptance by, plaintiff.  p. 66.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by James Petre against Omer Petre and others.  From a judgment for defendants, the plaintiff appeals.  *Affirmed.*

*Kent & Ryan,* for appellant.

*Strawn & Robison* and *Earl B. Stroup,* for appellees.

FELT, P. J.—This suit was brought by appellant against Omer Petre, Ocie Petre, Daisy and David Snyder, Adaline, Jesse and Hannah Whiteman.

The complaint in two paragraphs was answered by a general denial.

The first paragraph was a suit in the usual form to quiet title to certain real estate in Clinton county, Indiana.

The second paragraph seeks to set aside a deed executed by Daniel Petre and Mary Petre, his wife, on August 22, 1893, reserving a life estate in the grantors and purporting to convey the said real estate to appellant, James Petre, for life, and the fee-simple title thereof, to Zula, Omer and Daisy Petre, children of James Petre.  It is alleged that the deed was duly recorded on August 22, 1893, in the recorder's office of Clinton county, Indiana, and that the grantor, Daniel Petre, died intestate on October 25, 1898; that his widow, Mary Petre, died intestate on August 28, 1903, leaving as her sole and only heir at law her son, the plaintiff; that at the time of the attempted execution of said deed each of the grantors was a person

of unsound mind and incapable of executing the same; that before instituting this suit plaintiff disaffirmed said deed. Facts are also averred to show how by death and marriage certain of the appellees have or claim some interest in the real estate by virtue of said conveyance.

The issues were tried by a jury, and a verdict returned in favor of the defendants, the appellees on appeal. Appellant's motion for a new trial was overruled, and judgment rendered against him on the verdict of the jury.

The error assigned and relied on by appellant is the overruling of his motion for a new trial. The grounds of the motion relied on are the giving of certain instructions by the court, and the refusal to give certain instructions tendered by appellant.

It is claimed that the court erred in refusing to give instructions Nos. 2 and 5 tendered by appellant; that such instructions deal with the question

1. of the recording of the deed in controversy and by whom such recording was procured. The refused instructions as far as correct and applicable were covered by instructions Nos. 8, 9, and 10 given to the jury by the court.

Appellant also states that the court erred in refusing to give instructions Nos. 6, 8, and 9 tendered by him, but only by inference can this court

2. know the point intended to be made against such refusal of the court. This we understand to be that, where a duly recorded deed is found in the possession of the grantee, delivery is presumed, which presumption is conclusively overcome where the deed is found in the possession of the grantor after it has been recorded. The latter contention

cannot be sustained. Such fact may be considered in determining the question of delivery, along with other pertinent evidence, but is not of itself conclusive that delivery was not intended by the grantor. *Vaughan* v. *Godman* (1884), 94 Ind. 191, 194; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652; *Robinson* v. *Horner* (1916), 62 Ind. App. 456, 458, 113 N. E. 10; *Nave* v. *Powell* (1916), 62 Ind. App. 274, 277, 110 N. E. 1016.

Appellant also contends that the court erred in giving to the jury instructions Nos. 10, 12, 13, and 14, for the alleged reason that the court invaded the province of the jury by stating what presumptions were authorized by certain enumerated facts.

It is shown by agreement of the parties, or by uncontradicted evidence, that the deed in question was signed, acknowledged and duly recorded on August 22, 1893; that appellant, one of the grantees, was the adult son of the grantors; that the other grantees were the minor children of appellant; that no valuable consideration passed to the grantors, and the conveyance was prompted by love and affection; that the recorded deed was found among the papers of the grantors after their death, and each of the grantors died intestate; that appellant had possession of the deed for almost thirteen years before bringing this suit. There is also evidence tending to prove that the mother of appellant said she had papers fixed so appellant would not get so much, so he would not get the land; that she was afraid he would get it all and she did not want him to have it all. Appellant himself testified that his mother told him that she had it fixed so he would not get his fingers on any of it; that he first saw the deed in September, 1902, and

found it in his mother's trunk among her papers. This suit was not commenced until June 18, 1915. Appellant had possession of the deed and the use of possession of the land from and after the death of his mother.

The trial court did not inform the jurors that they must draw certain inferences from certain facts, but did state in substance that certain facts, if proved, gave rise to certain presumptions, but the jury was also informed that such presumptions may be overcome by evidence tending to prove the contrary.

By instruction No. 10 the court in substance told the jury that, where a deed is found in the possession of the grantee, the jury may presume that it was delivered to and accepted by him. But such presumption, if any you find, may be overcome by evidence to the contrary. "If the deed in question was found in the possession of the plaintiff, James Petre, then the jury may presume that the said deed was delivered to and accepted by him, and the burden of overcoming this presumption, if any, of the delivery and acceptance of the deed, is on  *  *  *  the plaintiff."

By instruction No. 12 the jury was told in substance that, where a deed is signed and acknowledged and recorded in the recorder's office of the county where the real estate is situated, the jury may from such facts infer a delivery of the deed to the grantees, but such presumption, if any, may be overcome by evidence to the contrary.

By instruction No. 13 the foregoing proposition was applied to minor grantees where the conveyance is for love and affection.

By instruction No. 14 the jury was told in sub-

stance that in case of a conveyance of real estate to minor children for love and affection no acceptance on their part is necessary, but the law will presume an acceptance on their part, which will prevail, unless there is evidence to prove that they had rejected the conveyance.

The instructions left to the jury the determination of all questions of fact, and are not open to the objection urged that they invaded the province of the jury and arbitrarily directed what presumptions and inferences must be drawn from the facts referred to. Furthermore, none of the facts referred to in the instructions complained of are controverted or disputed in any way by appellant. Under the issues and facts of the case, the instructions were substantially correct, and are clearly not open to the objection urged against them.

Where a grantor causes a deed to be duly recorded in the proper official records, it affords *prima facie* evidence of a delivery, and is sufficient to complete the execution of the instrument, unless overcome or explained by evidence to the contrary. The fact that the grantor has possession of the deed after it has been duly recorded, where the statute makes the record admissible as original evidence of the conveyance, may be considered, but is not necessarily of controlling influence in determining the ultimate question of delivery. *Somers* v. *Pumphrey* (1865), 24 Ind. 231, 243; *Taylor* v. *McClure* (1867), 28 Ind. 39, 44; *Vaughan* v. *Godman, supra; Malett* v. *Page* (1856), 8 Ind. 364, 366; *Colee* v. *Colee* (1890), 122 Ind. 109, 111, 23 N. E. 687, 17 Am. St. 345; *Creighton* v. *Roe* (1905), 218 Ill. 619, 75 N. E. 1073, 109 Am. St. 310; 8 R. C. L. §67, p. 1006;

13 Cyc 567-571; 9 Am. and Eng. Ency. Law (2d ed.) 159.

6. Possession of a deed by the grantee is *prima facie* evidence of delivery and is sufficient against one who seeks to. set it aside until overcome by sufficient proof to the contrary. *Burkholder* v. *Casad* (1874), 47 Ind. 418, 421; *Vaughan* v. *Godman, supra;* 9 Am. and Eng. Ency. Law (2d ed.) 159.

7. The intention of the grantor is the controlling fact to be considered in determining whether there has or has not been a delivery of a deed otherwise executed.

8. A delivery may be made effective by words without action, and likewise by actions without words, or by a combination of both words and conduct.

9. The question of delivery is one of ultimate fact to be determined from all the evidentiary facts and circumstances shown by the evidence which have any probative value bearing upon such ultimate fact.

The same rules are applicable in determining whether there has or has not been an acceptance of the conveyance by the grantees. *Colee* v. *Colee, supra; Vaughan* v. *Godman, supra; Anderson* v. *Anderson* (1890), 126 Ind. 62, 67, 24 N. E. 1036; 9 Am. and Eng. Ency. Law (2d ed.) 161.

10. Where the conveyance is a gift and the grantors are minors, the law presumes their acceptance based upon the facts of their minority and legal disability to contract, and the beneficial character of the conveyance. *Vaughan* v. *Godman, supra,* 502; *Colee* v. *Colee, supra,* 112; 8 R. C. L. §§69, 70, 71, pp. 1009-1013; *Decker* v. *Stansberry* (1911), 249 Ill. 487, 94 N. E. 940, Ann. Cas. 1912A 227; *Baker* v. *Hall* (1905), 214 Ill. 364, 73 N. E. 351.

Appellant objects to instruction No. 9 given by the court on the ground that there is no evidence in the case which warranted the court in giving it; that there is no evidence tending to prove that the grantors caused the deed to be recorded, and the "instruction is based upon a presumption that they caused the recording of the deed."

The instruction is as follows: "To constitute a delivery of a deed there must be some affirmative acts or words on the part of the grantors showing that they intended to part with their title to the property conveyed by the deed. The delivery may therefore be by leaving the deed with the proper officer to be recorded with intent to deliver it. And it may be delivered without being actually handed over, and if once delivered its retention by the grantors does not affect the title of the grantees. So if you find from the evidence in this case that the grantors of the deed in question, Daniel and Mary Petre, caused the deed to be prepared, signed and acknowledged, and that they then procured the deed to be placed on record in the recorder's office of the county where the real estate was situated, and that by the said acts they thereby intended to part with their title conveyed by the deed, subject to the life estate which they held in the land, then there was a delivery of the deed, notwithstanding they retained the deed in their possession after it was recorded. But if you find that the said Daniel and Mary Petre did the above acts but that they did not thereby intend the said acts to be a delivery of the said deed, then the said deed was not delivered."

Considering all the facts above shown as to the making, recording and possession of the deed by ap-

pellant, in connection with the statements of Mary Petre, and the further fact that she left no will or other instrument disposing of the real estate, other than the deed in controversy, the jury was warranted in drawing the inference that the grantors had in fact caused the deed to be placed of record, intending thereby to deliver the same to the grantees for the purposes indicated by its provisions.

Furthermore, under the undisputed facts of this case, the delivery of the deed by the grantors and its acceptance by the minor grantees are absolute and conclusive under the law applicable to such facts. Considering such unquestioned facts in connection with the length of time appellant had possession of the deed with knowledge of its provisions, the statements of appellant's mother and all the circumstances of the case shown by the evidence, the jury was warranted in finding the facts of delivery to and acceptance by appellant of the conveyance. The jury having drawn such inferences, we cannot say that they were unauthorized, or that the jury was led to infer such facts by the instructions given, without any evidence tending to prove that the grantors caused the deed to be recorded, and thereby intended to deliver the same to the grantees for the purposes indicated by its provisions.

The jury had the right to draw any reasonable inferences warranted by the evidence, and we find nothing in the instructions, considered as a whole, which deprives appellant of any substantial right or indicates any reversible error. *Bronnenberg* v. *Indiana Union Traction Co.* (1915), 59 Ind. App. 495, 498, 109 N. E. 784.

Judgment affirmed.

Dausman, C. J., Batman, P. J., Ibach, Caldwell and Hottel, JJ., concur.