ANDERSON WALTON

*v.*

THOMAS E. BURTON *et al.*

*Filed at Springfield June 16, 1883.*

1. DELIVERY OF DEED—*presumption from being recorded.* A party residing in Ohio requested his brother, residing in this State, to give him a mortgage to secure an indebtedness, and the mortgage was made, acknowledged, and recorded shortly afterward. The mortgagee was notified by letter of these facts, who, in reply, requested the mortgagor to get the mortgage, and hold the same until he should return to this State, and the mortgagor did obtain the mortgage from the recorder, but lost the same before any manual delivery to the mortgagee. It was *held,* that the record of the mortgage was *prima facie* evidence of its delivery, and that the burden of showing that the acceptance came after the recorder had parted with the deed, was upon the party denying the delivery and acceptance.

2. Where a mortgage is made, acknowledged and recorded by the mortgagor, it needs only the assent of the mortgagee to make it good. If withdrawn from the recorder by the mortgagor, for the mortgagee, and at his request, the subsequent manual possession of it by the mortgagor becomes that of the mortgagee, and the mortgage becomes operative.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Coles county; the Hon. J. W. WILKIN, Judge, presiding.

"This is a suit in chancery, brought in the circuit court of Coles county, in 1877, by Thomas E. Burton, against Elias and Narcissa Burton, to correct and foreclose his mortgage, making Anderson Walton a party thereto. Prior to September 17, 1872, Elias Burton had executed and delivered to his father, George R. Burton, his promissory notes for various sums of money, which notes were long past due, and had, before that time, been assigned by the payee to Thomas E. Burton, to whom Elias was also indebted on his past due promissory note for $400. Elias owned a parcel of real estate in Charleston, known as the "Half-Mile House," described as lot 2, in assessor's subdivision of the north-west quarter of the north-east quarter of section 14, township 12 north, range 9 east, and also lots 1 and 2 in Mitchell & Teal's addition to the city of Charleston. To secure the indebtedness, Elias Burton, on September 17, 1872, at the request of his brother Thomas, made a mortgage of the two lots in Mitchell & Teal's addition, intending also to include the "Half-Mile" property. By mistake of the draughtsman the latter property was not properly described. Thomas E. Burton was living, at that time, in Ohio, and Elias, after signing and acknowledging the mortgage, filed it for record in Coles county, where the property was situated. After it was recorded, he called for and obtained the mortgage, and ever afterward had it in his possession, until it was lost and could not be found. After executing the mortgage and having it recorded, he notified Thomas, and he wrote Elias to keep the mortgage for him, expecting soon to be in Charleston, when he would get it. Thomas did not come to Charleston, and the mortgage was never in his possession. The mortgage to Thomas was filed for record September 18, 1872. On the 4th day of October, 1875, Elias Burton executed and delivered to Anderson Walton a mortgage, in the sum of $300; this mortgage was intended to cover the same property intended to be included in the prior mortgage to Thomas

E. Burton, but, by mistake of the draughtsman, the same mistake occurred as in the Burton mortgage. This mortgage was filed for record on the same day it was executed. On June 5, 1876, Elias, being indebted to Walton in the further sum of $465, to secure the payment of the same executed and delivered to him another mortgage on the "Half-Mile" property, which was properly described therein. This mortgage was filed for record June 7, 1876. Walton answered, denying, among other things, that the complainant's mortgage was ever executed or delivered, or that any mistake was made therein, and claiming that he obtained his mortgage without any knowledge or notice of complainant's mortgage, and was entitled to the first lien on the premises. On the hearing the trial court found the equities of the case with complainant, and decreed correcting and foreclosing his mortgage, and declaring it a first lien on the premises. To reverse that decree Walton prosecuted his writ of error from the Appellate Court. The Appellate Court affirmed the decree, and this appeal is prosecuted to reverse that judgment.

Messrs. DUNN & CONNOLLY, for the appellant:

To constitute a valid delivery of a deed it must pass into the hands of the grantee, or some other person for him, and the grantor must not only part with the possession, but also with the right to control it. *Johnson* v. *Farley,* 45 N. H. 405; *Baker* v. *Haskell,* 47 id. 479; *Elmore* v. *Marks et al.* 39 Vt. 538; *Hawkes* v. *Pike,* 105 Mass. 560; *Kingsbury* v. *Burnside,* 58 Ill. 310; *Union Mutual Ins. Co.* v. *Campbell,* 95 id. 267; *Stinson* v. *Anderson,* 96 id. 373.

The recording of a deed does not amount to a delivery without the knowledge or assent of the grantee. *Herbert* v. *Herbert,* Breese, 278; *Kingsbury* v. *Burnside,* 58 Ill. 310; *Krebaum* v. *Cordell,* 63 id. 23.

If the grantor still has power over the title, without the consent of the grantee, there is no valid delivery. *Wiggins*

v. *Lusk*, 12 Ill. 122; *Byers* v. *Spencer*, 101 id. 429; *Bryan* v. *Wash*, 2 Gilm. 557; *Gunnell* v. *Cockerill*, 79 Ill. 79; *Gorman* v. *Gorman*, 98 id. 361.

To constitute a valid delivery of a deed, not only must the grantor part with the possession and control of the instru-ment, but the grantee must accept or assent to the convey-ance.   *Hulick* v. *Scovil*, 4 Gilm. 175; *Masterson* v. *Cheek*, 23 Ill. 76; *Welch* v. *Sackett*, 12 Wis. 243; *Derry Bank* v. *Webster*, 44 N. H. 264; *Oxnard* v. *Blake*, 45 Me. 602; *Richards* v. *Jackson*, 6 Cow. 617; *Church* v. *Gilman*, 15 Wend. 658; *Jackson* v. *Bodle*, 20 Johns. 184.

Mr. A. C. FICKLIN, and Mr. THOMAS STODDERT, for the appellees:

The destruction or loss of a deed subsequent to its delivery or acceptance by the grantee, does not revert the title to the lands therein conveyed in the grantor.   *Duncan* v. *Wickliffe*, 4 Scam. 452; *Bryan et al.* v. *Wash*, 2 Gilm. 565; *Bennett et al.* v. *Walker et al.* 23 Ill. 177.

The execution of a deed or mortgage, and having it placed on record, if without the knowledge of the grantee, might not be a sufficient delivery; but, in such a case, the subsequent assent of the grantee would make it a good delivery.   The intention controls.   *Dale* v. *Lincoln*, 62 Ill. 22; *Kingsbury* v. *Burnside et al.* 58 Ill. 310; *Walker* v. *Walker et al.* 42 Ill. 311.

When a deed has been delivered to the recorder by the grantor, without explanation, it has been held by the court to be a delivery to the grantee, and the acceptance by the grantee is presumed from the beneficial nature of the trans-action.   *Masterson et al.* v. *Cheek et al.* 23 Ill. 73; *Rivard et al.* v. *Walker et al.* 39 Ill. 413.

A formal delivery and acceptance of a deed is, in no case, essential to convey title, and if the circumstances show an intention on the part of the grantor to deliver, it is all the

law requires, and tantamount to a delivery. A delivery may be by words merely, without acts. *Masterson et al.* v. *Cheek et al.* 23 Ill. 73; *Gunnell et al.* v. *Cockerill et al.* 79 id. 79.

Where the grantor executes a deed without the knowledge of the grantee, files it in the office of the recorder of deeds, for record, and afterwards tells the grantee that he has made the same, and the grantee replies, "That was all right," or "Very well," or words to that effect, it has been held to constitute a good acceptance of the same. *Kingsbury* v. *Burnside et al.* 58 Ill. 310.

After the acceptance of a deed by the grantee he may do what he chooses with it, and make any person the custodian, even the grantor himself. *Otis* v. *Spencer*, 102 Ill. 622.

Where the grantor places a deed in the hands of another, for the purpose of conveying title to the grantee, and the grantee, being subsequently informed thereof, accepts the same, it is held sufficient to convey the title to the grantee, although the deed was lost, and never passed into the hands of the grantee. *Bennett et al.* v. *Waller et al.* 23 Ill. 97.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The only ground urged for the reversal of the judgment of the Appellate Court in this case, is the alleged want of delivery of the mortgage by Elias Burton and wife to appellees, dated September 17, 1872, and filed for record the next day in the recorder's office in Coles county, in which the real estate in question lies.

The proofs show that Elias Burton, of Illinois, being indebted to his brother Thomas, then resident in Ohio, the latter requested the former to secure the indebtedness by a mortgage upon his real estate, and he promised to do so. After the creditor brother had gone to Ohio, the debtor and his wife signed, sealed and acknowledged the mortgage in question, and the debtor gave the same to the recorder, to be recorded, and soon after notified the mortgagee by letter that

he had executed the mortgage. The mortgagee answered, requesting his brother, the mortgagor, to retain the mortgage for him, as he soon expected to come to Illinois. It turned out that he did not come so soon as was expected, and the mortgagor, having received the mortgage from the recorder, laid it away, to await the arrival of the mortgagee. By some mishap the mortgage was lost, and never came into the manual possession of the mortgagee. The proofs do not show at what exact date the mortgage was taken from the recorder's office by the mortgagor—whether before or after the letter of the mortgagee asking his brother to keep the mortgage until his coming. The mortgagor testifies: "When I signed the mortgage, it seems to me I took it to the recorder's office." The record shows it was filed the day next after its date. This witness proceeds: "My best recollection is, that some time after that I called at the recorder's office and got it. * * * My brother Thomas requested me to make the mortgage. * * * He knew it was made. I wrote him." He further testified that he retained the mortgage under a statement in a letter from his brother "that he would be out here in a short time, and for me to retain it and keep it." The mortgagee, on this subject, testifies: "It was made about the 17th of September, 1872, and recorded shortly after. * * * He gave me the mortgage because I demanded it. * * * I told Elias he must give me a mortgage on his land, to secure me. He said he would do so, and afterwards informed me he had. * * * When I wrote him for the mortgage, some years afterward, he informed me that it had got mislaid, and he could not find it. * * * When he told me he and his wife had made me a mortgage, and had it recorded, I asked him to keep it for me until I got there."

It is plain, from the mode of examining the witnesses, that at the hearing this question of delivery was not the main point in controversy. The answer, in general terms, denies

the execution of the mortgage, but does not make a distinct point of the supposed want of delivery, and places the specific defence on other grounds, not now relied upon.

We think the decree was properly affirmed by the Appellate Court. Appellant insists that the proof fails to show that the mortgage was accepted while it was in the hands of the recorder. Assuming this to be material, the transcript from the record of the mortgage was *prima facie* evidence of its delivery. The burden of showing that the acceptance came after the recorder had parted with the deed would seem to rest upon appellant. Be this as it may, the mortgage having been made, and acknowledged, and recorded, it needed only the assent of the mortgagee to make the delivery good. It had been delivered to the recorder, for the mortgagee, and even if withdrawn, after record, by the mortgagor, such withdrawal was plainly an act done for the mortgagee, and when his assent was made known, the manual possession of the mortgagor became at once the possession of the mortgagee.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*