LEVANCHE D. HAWES et al.

v.

HELEN E. D. HAWES et al.

*Opinion filed December 21, 1898—Rehearing denied February 9, 1899.*

1. DEEDS—*a deed without delivery is inoperative.* Delivery of a deed is an essential part of its execution, as it becomes operative by and takes effect from such delivery.

2. SAME—*deed not passing from the grantor's control is not delivered.* It is indispensable to the delivery of a deed that the grantor shall part with control of it without retaining the right to re-claim it.

3. SAME—*a presumption of delivery in voluntary settlement must have some basis in evidence.* The rule that a presumption of delivery, in case of a voluntary settlement, will arise from slight circumstances indicative of an intention that the deed shall become effective in the present, cannot arise where the uncontradicted evidence shows there was no delivery.

4. SAME—*what does not constitute a delivery.* The delivery to the grantee, by the grantor, of the key to his safety deposit box, with directions to go and get the grantor's will in case of his death, does not constitute a delivery of a deed found in the box after the grantor's death, in an envelope addressed to the grantee, which also contained a paper signed by the grantor directing the grantee to record the deed upon opening the envelope.

5. SAME—*a deed not delivered before grantor's death is a testamentary devise.* An unrecorded deed retained by the grantor, who holds the title to the land described therein and exercises the rights of ownership, which he intends shall be found among his papers after his death and be recorded by the grantee, is a testamentary devise, and invalid unless executed with the formalities of a will.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

KIRK HAWES, for appellants.

PENCE & CARPENTER, for appellees Helen E. D. Hawes, Florence D. Hawes and John D. Hawes.

IRA J. GEER, and HERRICK, ALLEN, BOYESEN & MARTIN, for appellee Mary Virginia Dunham.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

John H. Dunham died testate April 28, 1893, leaving Elizabeth H. Dunham, his widow, and Helen E. D. Hawes and Mary Virginia Dunham, his children. The ninth paragraph of his will is as follows:

"*Ninth*—I devise and bequeath all the residue and remainder of my estate, both real and personal, to my daughters, Helen Dunham Hawes and Mary Virginia Dunham, and to their legal issue, respectively, if any living at her decease, but if either should die without leaving such issue or any descendants of such issue, then to descend and vest in the issue of the other of my said daughters or the descendants of such issue, if living at her decease; but if both of my said daughters should die leaving no issue of either, or any descendant of such issue, then said estate, real and personal, shall descend in fee simple absolute to their heirs and assigns forever, the heirs taking by way of representation. In the event either one of my heirs or devisees shall appeal to the law for a change or modification of this my last will, the person or persons so seeking the law shall forfeit all right in and unto the property herein to her or them devised, and the property herein devised to such contestant shall go and belong to the parties that do not join in contesting this my last will. In other words, if either one of my heirs resort to the law to change this my last will, the one so offending shall be absolutely disinherited."

The appellants, Levanche D. Hawes and Fanny V. Hawes, minors and children of said Helen E. D. Hawes, filed the bill in this case by their next friend, Kirk Hawes, against the appellees, Helen E. D. Hawes, their said mother, Florence D. Hawes and John D. Hawes, their adult brother and sister, and Mary Virginia Dunham and Elizabeth H. Dunham, asking to have a deed made by said John H. Dunham in his lifetime to said Mary Virginia Dunham, his daughter, declared null and void, on

the ground that the same was not delivered. If the title to the property described in that deed did not pass to said Mary Virginia Dunham, but remained in John H. Dunham, it passed, under the residuary clause of the will above quoted, to said Helen E. D. Hawes and Mary Virginia Dunham, with remainder to their issue, among whom are the complainants. The bill also alleged that it was for the interest of the minors that a trustee should be appointed with power to sell and dispose of such parts of the premises as might be expedient, and it prayed for the appointment of a trustee with such power, who should pay the income of the proceeds to said Helen E. D. Hawes and Mary Virginia Dunham, respectively, according to a division of the property made between them, and should hold the principal for the benefit of complainants and their said brother and sister, together with any other issue of the life tenants who might thereafter be born.

Helen E. D. Hawes answered the bill, admitting all its material allegations, and stating that she would not pay any more taxes or assessments on the property, and she asked that a division of the property made by her and Mary Virginia Dunham, and a subdivision into lots thereof, hereinafter referred to, should be confirmed and a trustee appointed as prayed in the bill. John D. Hawes and Florence D. Hawes answered, likewise admitting all material allegations of the bill and averring that they had no means to pay taxes on the property, and prayed that the subdivision should be declared legal and a trustee appointed. Mary Virginia Dunham, by her answer, insisted upon the validity of the deed to her and denied the right of complainants to any relief, but stated that if the court should decree that she did not obtain title by the deed, but was a mere life tenant under the residuary clause, the life tenancy would be valueless and she would not pay any further taxes or assessments, and in that event the appointment of a trustee would be beneficial to all parties.

The bill was amended to make a somewhat fuller statement of facts, and the parties all answered substantially as before. Replications were filed and there was a hearing, at which the court dismissed the bill and amended bill for want of equity.

The material facts as alleged and proved, and about which there is no dispute, are as follows: In August, 1889, John H. Dunham was the owner of the premises in question, being about eight acres of land situated in the city of Chicago, part of a twenty-acre tract which he had owned for twenty years or more. His will was dated August 5, 1889, and by it he disposed of a large amount of property, making specific devises to his wife and daughters, but this tract described in the deed was not included in any of the specific devises thereby made. On August 6, 1889,—the day following the date of the will,—he wrote the deed in question by filling up a blank form. His name alone appeared as grantor, and he signed and acknowledged it, his wife not joining or being mentioned in it. Neither the grantee nor any other person except the grantor knew of the existence of the deed. It was not recorded, and the fact that it had been made was not known to any one until after his death, something more than three years and a half afterwards. He was in possession of the land and continued in such possession, paid the taxes up to his death, claiming to be the owner, rented a small portion of it for a green-house, cultivated a garden, and built a cottage on it for which he received rent up to his death. In each year after the deed was made he filed objections to special assessments against the property, alleging his ownership, and about two months before his death was sworn as a witness in one of these cases in which he objected for a part of the property, and testified that he was the owner of the twenty-acre tract of which this was a part, and had been for nearly forty years, and was the owner of the ground assessed and described in the objections. In his last illness, about

two days before his death, he gave to the grantee, who
lived with him, the key to his private box in a safe de-
posit vault and the pass-word, telling her, in substance,
if anything happened to him to take Kirk and go to the
box and get his will, but making no reference to the deed.
The defendant Mary Virginia Dunham testified to this
direction, and while she was unable to give his exact
language, she said the idea was that in case of his death
she was to take Judge Hawes with her and get the will.
A few days after the death of her father she took Judge
Hawes and went to the safe deposit vault to get the will,
and in the box with the will they found a sealed envel-
ope, on the outside of which was written, "Mary Virginia
Dunham." In this envelope was the deed and another
deed from Mr. Bradley to said Mary Virginia Dunham,
which had been delivered to her and returned to her
father but not recorded, and with the deeds was a slip of
paper on which was written in the handwriting of John
H. Dunham the following: "Record your deeds when you
open this envelope.—John H. Dunham." This deed had
never been delivered to her or any one for her use or
benefit, and had never been out of the possession or con-
trol of said John H. Dunham. Although he gave her the
key and pass-word two or three days before his death,
he did not authorize her to go to the box except for his
will in case of his death. She gave the deed to Kirk
Hawes, who had it recorded for her, after which she con-
veyed the south portion, except the east twenty-eight
feet, to her sister, Helen E. D. Hawes, in consideration
of an agreement by which each furnished one-half the
money to pay claims against the estate. The parties
then laid out the subdivision of the premises before re-
ferred to.

A delivery is an essential part of the execution of a
deed, and it will only become operative by and take effect
from its delivery. Without delivery it is void. (Shep-
pard's Touchstone, 57; 4 Kent's Com. 454; 2 Blackstone's

Com: 306; *Bryan* v. *Wash,* 2 Gilm. 557; *Byars* v. *Spencer,* 101 Ill. 429.) No special form or ceremony is necessary to constitute a sufficient delivery. It may be by acts or words, or both, but something must be said or done showing an intention that the deed shall become operative to pass the title and that the grantor loses all right of control over it. The delivery need not necessarily be made to the grantee, but may be made to another in his behalf and for his use; but it is indispensable that the grantor shall part with control over the deed and shall not retain a right to re-claim it. *Hayes* v. *Boylan,* 141 Ill. 400; *Provart* v. *Harris,* 150 id. 40; *Wilson* v. *Wilson,* 158 id. 567; *Shults* v. *Shults,* 159 id. 654.

The greater part of the argument on behalf of the appellee Mary Virginia Dunham, the grantee in the deed, is taken up with the proposition that in case of a deed made as a voluntary settlement the law raises stronger presumptions in favor of delivery than in the ordinary case of bargain and sale, and that a delivery of such a deed will be presumed from slight circumstances, and an acceptance will be presumed from the beneficial character of the grant, without knowledge by the grantee of the deed. This deed·was of that character, made by a father to his daughter, who was his assistant and secretary. The relations between them were intimate and confidential, and if there were any circumstances indicating a delivery, the favorable presumptions arising out of their relations and the character of the deed should have due weight, although the deed was found in the private box of the grantor after his death. The rule that a presumption of delivery will arise from slight circumstances indicative of such fact and of an intention that a voluntary deed shall become effective in the present, cannot avail in this case, because the evidence is uncontradicted that there never was any delivery by acts, declaration or otherwise. The court cannot presume a delivery, in the absence of all proofs and against all facts.

The next branch of the argument for the validity of the deed is devoted to the proposition that an actual delivery of a voluntary deed is not necessary if it was the intention of the grantor that it should operate as a delivered deed, and that his intention is to be determined by his acts in connection with it. So far as the intention of John H. Dunham is concerned, there is ground for claiming that he did not intend this property to pass under his will, from the fact of his omitting it from the will made the day previous. If it had been his intention to have it so pass he would probably have included it in the will. But that fact does not show that he intended the title to pass presently to the grantee during his lifetime. There was neither act nor declaration of delivery nor intention to deliver, but the only intention apparent was, that the grantee should obtain possession when she should open the box after his death. The fact of placing. the deed in the sealed envelope, with the slip directing her to record the deeds when she opened the envelope, indicates this. It is true that if he had put the deed in some place where it passed beyond his control or right to recover it, and where the grantee would find it, that would be sufficient. (*Hill* v. *Hill*, 119 Ill. 242.) The circumstances here, however, show that John H. Dunham did not intend the deed to operate immediately, but had a contrary intention, and we do not understand that the deed, although made as a voluntary settlement, could take effect under such circumstances. There is nothing upon which to rest an inference of an intention that the deed should operate as a delivered deed, but everything to show the contrary, especially the fact that shortly before his death the grantor testified that he was the owner of the property and had been for nearly forty years. A conveyance will not be good as a voluntary settlement where such facts exist. Where the grantor does not lose or intend to lose control over the deed, but still continues to have power over the title without the

consent of the grantee, there is not such a delivery as the law requires to pass the title. (*Byars* v. *Spencer, supra; Shovers* v. *Warrick,* 152 Ill. 355.) Having retained control of the deed and the title with the intention that the deed should be found and recorded after his death, the making of it was merely an attempted testamentary disposition of the property, and invalid for want of compliance with the law governing the execution of wills. *Cline* v. *Jones,* 111 Ill. 563; *Wilson* v. *Wilson, supra.*

It is also argued the certificate of acknowledgment reciting that the grantor signed, sealed and delivered the deed is sufficient evidence to establish an effectual delivery. It is not contended that the certificate of acknowledgment is conclusive, and if it is to be regarded as evidence of a delivery, the evidence in this case that there was no delivery would overcome it.

Another deed was found in the same envelope with this one. It was a deed received by John H. Dunham about December 4, 1888, running from Mr. Bradley to Mary Virginia Dunham. It was delivered by John H. Dunham to her, and after she read it she handed it to him to record for her, but for some reason he did not record it. We do not see that it has any bearing on the question here. That deed had been delivered to her and he held it as her agent, but he certainly did not hold the deed made by himself in that capacity.

There are other questions argued by counsel for appellants as to the power of the courts over the property of minors, but there is no controversy between the parties on those subjects. The parties seem to be in accord on those questions, if it should be held that the title did not pass by the deed.

The decree is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*