ISAAC CREIGHTON

v.

SARAH C. ROE.

*Opinion filed December 20, 1905.*

1. DEEDS—*recording voluntary conveyance raises presumption of delivery.* The recording by the grantor of a deed of voluntary conveyance to his daughter raises a presumption that the deed was delivered, which is not overcome by proof that the grantor retained possession of the deed and of the property.

2. EQUITY—*equity will not lend its aid to cancel deed made to defraud wife.* A court of equity will not lend its aid to cancel a deed executed and placed on record by the complainant for the purpose of defeating his wife's right to dower and of placing the property beyond her reach in view of anticipated divorce or separate maintenance proceedings.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding.

Plaintiff in error, Isaac Creighton, filed his bill in the circuit court of Vermilion county against his daughter, the defendant in error, Sarah C. Roe, in which he sought to have set aside and canceled the recording of a certain deed executed by him and his wife, Olinda C. Creighton, to his daughter, and which he claimed was never delivered.

The evidence shows that when the deed was signed and acknowledged the plaintiff in error, then more than seventy years of age, was living unhappily with his third wife and a separation and litigation between them were expected. He executed the deed in order, as he expressed it, that he might get in shape to prevent his wife from getting his property in the expected divorce proceedings or further litigation in which he might be called upon to pay alimony or separate maintenance. Four hundred and ten dollars of his wife's money was then on deposit in a bank in his name, and he induced her to sign the deed by refusing to allow her to have

the money until she should sign it. The deed was executed on December 21, 1900, and he retained it in his possession, unrecorded, until February 1, 1901, on which date his wife left his home, and on the next day he placed the deed in the hands of the recorder, with instructions to record the same and return it to him by mail. After the deed was recorded it was sent by mail to plaintiff in error, who lived at Armstrong, Illinois, and it has ever since remained in his possession. The defendant in error was not a member of his family, but was his daughter, a married woman of mature years, having a home of her own. When the deed was executed and recorded he had the property leased to a tenant, and has ever since retained possession of the same and enjoyed the rents, issues and profits, and paid all the taxes thereon, and kept the same in repair. Immediately upon the expiration of the period of two years following the date when his wife went away from his home, he filed a bill in the Clark county circuit court against her for divorce, upon the ground that she had deserted and abandoned him for the period of two years, and on the further ground that she had been guilty of extreme and repeated cruelty. He represented in his bill that he was a resident of Clark county, and obtained a decree on notice by publication based on an affidavit, in which he stated that his wife was a non-resident of the State. He obtained a decree of divorce on March 31, 1903, and on September 11 of the same year filed the bill in the case at bar to expunge the record of the deed. There was testimony to the effect that he had stated in the presence of different witnesses and at different times that he gave the property described in the deed to the defendant in error.

Upon issue being joined, the cause was referred to the master in chancery to take the evidence and report the same, together with his conclusions of law and fact. The master found that the deed was executed in pursuance of an intention on the part of the plaintiff in error to make a distribution of his property among his children and to place the title

beyond the reach of his wife, to the end that she could have no inchoate dower or other interest therein; that the deed was delivered by the plaintiff in error to the defendant in error and became operative so as to vest the title in her. The master also found that the plaintiff in error was not entitled to the relief prayed and that the bill should be dismissed for want of equity. Exceptions were filed to the report and the same were overruled and a decree entered in accordance with the finding of the master. To reverse this decree a writ of error has been prosecuted by plaintiff in error.

D. D. EVANS, and WALDO CARL EVANS, for plaintiff in error.

O. M. JONES, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first claimed as a ground of reversal that the deed was never delivered by plaintiff in error, and that this is evidenced by the fact that he always retained the possession of the same, together with the property conveyed. The question as to what acts are necessary to constitute a sufficient delivery to render a deed operative and to pass the title to land has been the subject of much discussion in this court. The deed may be delivered to the grantee or to his agent. No particular form or ceremony is necessary to constitute such a delivery. It may be by acts or words or both, or by one without the other; but what is said or done must clearly manifest the intention of the grantor and of the grantee that the deed shall at once become operative to pass the title to the land conveyed and that the grantor shall lose all control over the deed. (*Byars* v. *Spencer*, 101 Ill. 429.) The question of delivery is one both of law and of fact. From the details of such facts and attending circumstances is to be determined the legal question as to whether such acts and declarations

constitute a legal delivery. (*Shults* v. *Shults,* 159 Ill. 654.) In cases of voluntary settlement the law makes stronger presumptions in favor of the delivery than in any ordinary case of bargain and sale, for the reason that it is an attempt on the part of the grantor to make a settlement. (*Bryan* v. *Wash,* 2 Gilm. 557; *Cline* v. *Jones,* 111 Ill. 563.) Such settlements, fairly made, are binding on the grantor unless there be clear and decisive proof that he never parted or intended to part with the possession of the deed, and if he retained it the weight of authority is decidedly in favor of its validity, unless there are other circumstances besides the mere fact of his retaining it to show that it was not intended to be absolute. (*Shults* v. *Shults, supra; Otis* v. *Beckwith,* 49 Ill. 121; Perry on Trusts, sec. 103.) It therefore follows that the intention of the grantor is the controlling element.

In the case of *Brady* v. *Huber,* 197 Ill. 291, the appellee sought to avoid a deed made to his daughter in fraud of creditors, and on page 294 we said: "We think it must be held the deeds were delivered at the time of the making thereof. The evidence shows two deeds from the father to the daughter were executed at the same time, one conveying to her the property here involved,—the Alton property, in Madison county, Illinois,—and the other the land in the county of St. Charles, in the State of Missouri; that the appellee, her father, sent the appellant, the daughter, with the deed to the Missouri land to St. Charles to be filed for record, and that he took the other deed to Edwardsville, the county seat of Madison county, and filed it with the recorder to be recorded. Both deeds were duly recorded. The appellee testified the deeds were both returned to him by mail by the respective recording officers, and the appellant, his daughter, swears they were sent to her by such officers. The execution and recording of the deed here involved, by the appellee, raise the presumption, in law, that he intended to divest himself of title, and unless such presumption is rebuted it must be held the deeds were delivered. (9 Am. &

Eng. Ency. of Law,—2d ed.—p. 159, and many cases de-
cided in this court, cited in note 4.)  In *Union Mutual Life
Ins. Co.* v. *Campbell,* 95 Ill. 267, we said (p. 284) : 'The
mere act of recording, alone, as we have seen, is but *prima
facie* evidence of a delivery and liable to be rebutted; and it
is successfully rebutted, as all the cases agree, when it is
shown that the deed was not in the nature of a family set-
tlement or of a gift to a minor, (as to which hereafter,) but
is intended to confer no benefit upon the grantee, and its ex-
ecution and recording are wholly unknown to him until after
the death of the grantor.'  In *Weber* v. *Christen,* 121 Ill.
91, we said (p. 97) : 'We think, in the case of an adult
grantee, the acknowledging and recording of the deed with-
out his knowledge or consent does not, of itself, according to
the weight of authority, amount to a delivery.  In *Sullivan*
v. *Eddy,* 154 Ill. 199, we held the presumption of delivery
arising from the registration of a deed had been success-
fully rebutted by proof, among other things, that the grantee
was ignorant of the execution and recording of the deed and
claimed nothing under it.  *  *  *  But here no question of
acceptance can arise.  It appeared without dispute the appel-
lee, influenced by the fear that his lands might be seized by a
creditor, executed a conveyance thereof to his daughter with
intent to divest himself of title so that it would be beyond
reach of his creditors; that the deed imposed no burden on
the grantee, but was without condition or qualification and
was beneficial to her; that the daughter, the grantee, well
knew of the execution of the deeds and consented that the
conveyances should be made to her, and that the grantor,
with the knowledge and consent of the grantee, placed the
deed upon the public records, with the intent it should be
deemed and taken by his creditors as a completed and effect-
ive conveyance of the premises.  Under such circumstances
the grantor must be deemed concluded by the presumption of
delivery which arises from the recording of the deed. (*Wal-
ton* v. *Burton,* 107 Ill. 54; *Thompson* v. *Dearborn,* id. 87;

*Moore* v. *Giles,* 49 Conn. 570.) Manual delivery by the grantor to the grantee is not essential.—*Rivard* v. *Walker,* 39 Ill. 413; *Rodemeier* v. *Brown,* 169 id. 347."

From the above authorities and from the evidence in this case we are of the opinion that there was a *prima facie* delivery of the deed to the defendant in error and such an acceptance of the same by her as to convey title, and that this *prima facie* case has not been so rebutted as to overcome the presumption. The circuit court was therefore not in error in decreeing that the deed was delivered.

There is another good reason why the decree of the circuit court must be affirmed. The bill is a confession on the part of the plaintiff in error that he made the deed which he now seeks to avoid, for the purpose of placing his property in such condition that his wife could not secure her dower out of it. He does not, on his own showing, come into court with clean hands, and on that ground alone is not in a position to ask relief in equity. He does not claim in his bill that he was induced by others to form the unlawful purpose, but only that he was taken advantage of in the execution of that purpose. The only lawful means by which he could place his property in a condition so that it would not be charged with the right of dower of his wife was to divest himself of the title to it by a conveyance made in good faith. That he could not put it out of his hands for the purpose of defeating dower, and when the motive for so doing had ceased invoke the aid of a court of equity to re-invest himself with the title, is too well known for controversy. *Muller* v. *Balke,* 154 Ill. 110; *Tyler* v. *Tyler,* 126 id. 525.

We find no reversible error, and the decree of the circuit court will be affirmed. *Decree affirmed.*