HENRY H. BLAKE

*v.*

ALTHEA A. OGDEN.

*Opinion filed October 23, 1906.*

1. PLEADING—*demurrer to bill does not admit legal conclusions.* A demurrer to a bill in equity to set aside a deed does not admit that the deed was never lawfully delivered, where the bill makes no positive denial of such delivery but merely alleges the legal conclusions of the pleader to that effect.

2. DEEDS—*possession of a recorded deed raises a presumption of delivery.* Possession by the grantee of a recorded deed raises a presumption of delivery, which can only be overcome by clear and convincing evidence to the contrary

3. SAME—*actual delivery passes title notwithstanding a verbal agreement.* Actual delivery of a deed by the grantor to the grantee passes title notwithstanding there is a verbal agreement that the deed is not to take effect until the grantor's death.

4. EQUITY—*equity will not interfere where deed is made to defraud.* A court of equity will not interfere to set aside a deed where it appears from the averments of the bill that the deed was executed to defraud the State of the inheritance tax on devised property.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

This is a bill filed by appellant in the circuit court of Cook county to set aside a deed signed by him and his wife, Emma A. Ogden Blake, dated April 3, 1901, acknowledged April 8, 1901, and recorded January 15, 1903, conveying to appellee, Althea A. Ogden, property known as No. 1919 Michigan avenue, Chicago, Cook county, Illinois. The bill alleges that on said third day of April, 1901, appellant's wife owned a small amount of household furniture of about $300 in value, and no other personal property except wearing apparel and a few pieces of inexpensive jewelry; that in addition to this she owned said real estate, worth at least $20,000, encumbered by a trust deed for $2000, and that for some few days previous to the third day of April, 1901, she had contemplated making a will devising said real estate to her sister, Althea A. Ogden, the appellee herein; that the legal adviser of appellant's wife suggested to her that her purpose to give said real estate to her said sister could be more economically effected by deed of said real estate to be delivered and take effect after the death of said appellant's wife than by will, and that such course would save the taxes which the law imposes upon devises, and would be just as effectual to vest the title in said appellee at the death of said appellant's wife; that in accordance with this suggestion said deed was executed by appellant's wife and himself, but at the time it was acknowledged both understood that it would be, in effect, a testamentary disposition of said real estate, and should not be delivered to said appellee, or any person for her, until after the death of appellant's wife;

that appellant would not have signed and acknowledged said deed had he not understood that it only had the effect of a testamentary disposition of said real estate; that he signed it solely at the request of his wife, made to him while she was sick and feeble in body and mind; that on the 30th day of April, 1901, the wife of said appellant executed a will, by which she devised no real estate whatever, but left her personal property to appellant, appellee and a niece; that appellant's said wife departed this life in Chicago on January 27, 1903; that at that time appellant was himself sick at Pasadena, California, and unable to attend the funeral; that appellant's said wife left her surviving no children or descendants of children, but left as her sole surviving heirs-at-law her husband, appellant herein, her sister, the appellee herein, a niece and two nephews; that the return of said appellant to Chicago was delayed for nearly two years after the death of his said wife, on account of sickness; that on his return he learned for the first time that said deed had been recorded on January 15, 1903, by someone unknown to him; that he believed it was unknown to his wife in her lifetime, because during the last days of her life she was too sick to take cognizance of any such transaction, and at no time after the deed was executed would she consciously have delivered said deed for record or authorized it to be recorded; that said appellee, Althea A. Ogden, for several years previous to the death of appellant's wife, resided with her and practically had charge and direction of the affairs of the household; that the delivery of the deed to appellee in this proceeding during the lifetime of appellant's wife, if it was, in fact, delivered, or the filing of said deed for record and procuring it to be recorded during the lifetime of his said wife, was a fraud upon appellant; that on the facts set forth in the bill said real estate remained in equity the real estate of said Emma A. Ogden Blake, and that as it was not included in her last will and testament it became at her death intestate estate, subject to all the incidents pertaining to such estates.

Appellee's demurrer to the bill as finally amended was sustained. Complainant then elected to stand by his amended bill, and the court thereupon ordered it dismissed for want of equity. On this record the case was brought here by appellant.

W. P. BLACK, for appellant.

ARCHIBALD CATTELL, (SIMON LAGROU, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Counsel for appellant contends that it is admitted by the pleadings that the deed in question had never been delivered to appellee, or anyone for her, during the lifetime of appellant's wife. The allegations in the bill are not at all clear on the question of delivery. There is no positive denial that appellee herself was given possession of the deed. The deed was evidently to be delivered at some time to appellee. That the deed was never lawfully delivered is merely a conclusion of appellant, and is not, therefore, admitted by the demurrer. (*County of Christian* v. *Merrigan*, 191 Ill. 484.) A delivery is an essential part of the execution of a deed, but no special form or ceremony is necessary to constitute a sufficient delivery. (*Hawes* v. *Hawes*, 177 Ill. 409.) Where a deed duly executed is found in the hands of the grantee there is a strong implication that it has been delivered, and only clear and convincing evidence can overcome the presumption. (*Tunison* v. *Chamblin*, 88 Ill. 378.) The deed here had also been recorded, and that also raises the presumption that it had been delivered. (*Harshbarger* v. *Carroll*, 163 Ill. 636.) On the facts presented there is no ground for holding that the deed was not lawfully delivered to appellee and lawfully filed for record.

Even if the allegations of the bill that the deed was not to be delivered until after the death of appellant's wife and

that it was delivered and recorded contrary to this agreement be according to the facts, still, under the authorities in this State, we would not be prepared to hold that said deed would then be, in effect, a testamentary disposition of said real estate. (*Harshbarger* v. *Carroll, supra; Shackelton* v. *Sebree,* 86 Ill. 616.) However, there is nothing alleged in the bill to indicate that the appellee had any knowledge of the understanding claimed to exist between appellant and his wife as to the delivery of the deed in question, and in case of an actual delivery of a deed by the grantor to the grantee the title will pass, notwithstanding a verbal understanding that it is to take effect only on certain conditions. (*Fletcher* v. *Shepherd,* 174 Ill. 262.) The appellee herein is the only one who will be a sufferer if the deed is set aside, and by the admitted facts she is an innocent party.

It is alleged in the bill that the only reason why this property was not devised by will to said appellee was because it could be more economically vested in her by deed to be delivered and take effect after the death of appellant's wife; "that such course would save the estate the taxes which the law imposes upon devises." On this showing there would be no justification for setting aside this deed as having been delivered through fraud. The allegation admits that the deed was made for the express purpose of depriving the State of inheritance taxes. Equity cannot interfere to set aside a deed made under such circumstances and for such purposes. *Creighton* v. *Roe,* 218 Ill. 619; *Dunaway* v. *Robertson,* 95 id. 419.

We find no reversible error in the record, and the decree of the circuit court will accordingly be affirmed.

*Decree affirmed.*