MICHAEL DECKER, ·Appellee, *vs.* DALE STANSBERRY *et al.*
Appellants.

*Opinion filed April 19, 1911.*

1. APPEALS AND ERRORS—*questions not raised in trial court are deemed waived.* The question of the right of a complainant to file a bill to remove a cloud because the land was neither vacant nor in his possession will be deemed waived if not raised in trial court.

2. DEEDS—*when delivery of deed from father to infant son is presumed.* Delivery of a deed from a father to his minor son will be presumed where the deed, which was beneficial to the child, was recorded by the father even though he retained it in his possession, as his possession, in such case, is in accordance with his duty as a parent to accept and preserve the deed for the child.

3. SAME—*equity will not aid grantor to set aside deed made in fraud of creditors.* Equity will not aid a grantor in setting aside a deed which he executed for the purpose of placing the property beyond the reach of his creditors.

4. SAME—*rule where the description of land can apply to two tracts.* Where the description in a deed may refer to two tracts of land, one of which was not owned by the grantor, it will be presumed that he intended to convey the tract which he owned.

5. SAME—*a deed having two descriptions should be construed most strongly against the grantor.* A deed containing two descriptions should be construed most strongly against the grantor and in favor of the grantee.

6. SAME—*description in a deed construed.* A description in a deed conveying "the north-east quarter and the undivided seven-eighths of the north-west quarter of the north-west quarter of section 15," described as seventy-five acres, more or less, will be held to mean "the north-east quarter of the north-west quarter and the undivided seven-eighths of the north-west quarter of the north-west quarter," that being the land owned by the grantor, who did not own any land in the north-east quarter of the section.

APPEAL from the Circuit Court of Jasper county; the Hon. THOMAS M. JETT, Judge, presiding.

ISLEY & WILLIAMS, (VALMORE PARKER, of counsel,) for appellants.

GIBSON & WALKER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by Michael Decker against Dale Stansberry, Orville Stansberry, Lewis Decker and John H. Shup to remove as a cloud upon the title of Michael Decker to the north-east quarter of the north-west quarter and the undivided seven-eighths of the north-west quarter of the north-west quarter of section 15, township 8, north, range 14, west of the second principal meridian, Jasper county, Illinois, a deed from Michael Decker and wife to Clarence M. Decker, bearing date March 17, 1885, to the undivided seven-eighths of the north-west quarter of the north-west quarter of said section 15; also an administrator's deed executed by John H. Shup, administrator *de bonis non* of the estate of Clarence M. Decker, deceased, to the north-east quarter of the north-west quarter and the undivided seven-eighths of the north-west quarter of the north-west quarter of said section 15, bearing date March 17, 1909, both of which deeds had been recorded in the office of the recorder of deeds of Jasper county. The defendant Dale Stansberry filed an answer, in which she denied all the material allegations of the said bill. Orville Stansberry filed a plea denying that all parties in interest had been made parties defendant to said bill. John H. Shup filed a disclaimer, and Lewis Decker, a minor, died pending the suit in the circuit court. A replication was filed to the answer. The case was referred to a commissioner to take the proofs, and a decree was entered finding that Michael Decker was the owner of the north-east quarter of the north-west quarter of said section 15 and that Dale Stansberry was the owner of the undivided seven-eighths of the north-west quarter of the north-west quarter of said section 15, dismissing the bill as to the undivided seven-eighths of the north-west quarter of the north-west quarter of said section 15, and setting aside said administrator's deed as a cloud upon the title of Michael Decker to the north-east quarter of the north-west quarter of said

section 15. Dale Stansberry and Orville Stansberry have prosecuted an appeal to this court, and have assigned error as to the action of the court in holding that Michael Decker was the owner of the north-east quarter of the north-west quarter of section 15, in decreeing that Dale Stansberry was the owner of the undivided seven-eighths of the north-west quarter of the north-west quarter of section 15, and in dismissing the bill as to said premises.

The facts, in brief, are as follows: That in the year 1885 Michael Decker owned a farm of two hundred acres situated in Jasper county, on which he lived with his wife and children as their home; that some time prior to that date he signed a guardian's bond, upon which default was made; that his principal and co-surety were insolvent; that in order to escape liability upon the bond he advised with a justice of the peace residing in the immediate neighborhood, and thereupon determined to convey all of his real estate, except his homestead, to his minor sons, whereupon he executed a deed to his son Thomas for forty acres of his farm and a deed to his son Clarence M. for seventy-five acres of his farm, his wife joining therein; that the deeds, when executed, were delivered to the justice of the peace who prepared them, and he was instructed by Michael Decker to have them recorded; that after the deeds were recorded they were returned to Mr. Decker, and they remained in his possession until the date of the trial; that Clarence M. Decker, at the time the deeds were executed and recorded, was six years of age; that the premises in the deed to Clarence M. Decker were described as "the north-east quarter and the undivided seven-eighths of the north-west quarter of the north-west quarter of section fifteen (15), town eight (8), north, range fourteen (14), west, containing seventy-five (75) acres, more or less, situated in the county of Jasper, in the State of Illinois," and the deed recited a consideration of $750; that Clarence M. Decker continued to reside with his parents upon said farm

until he was about twenty years of age, when he enlisted in the army; that after his return from the Philippines and discharge he made his home with his parents until he was married to Dale Anderson, now the appellant Dale Stansberry; that after his marriage he and his wife lived at his father's home for a time and while a small house was being erected on the north-west quarter of the north-west quarter of said section 15; that after the completion of said house Clarence M. Decker and wife moved onto the north-west quarter of the north-west quarter of section 15, where Lewis Decker was born and where Clarence M. Decker and family lived until his death, which occurred in 1905, during which time he farmed the seventy-five acre tract and paid rent to his father for a part of said premises; that after the death of Clarence M. Decker his widow and child resided for a time with her people and afterwards returned to and resided in the house which had been erected upon said farm as a home for Clarence M. Decker and family; that subsequent to the death of Clarence M. Decker Michael Decker seems to have controlled the land, other than the dwelling house, and paid to the widow $50 per year, which she testified was paid as rent but which Michael Decker testified was given her by him for the support of the child; that Michael Decker always paid the taxes on said land; that about four years after the death of Clarence M. Decker letters of administration were taken out on his estate, and the seventy-five acres in question were sold at administrator's sale by John H. Shup to pay debts, which included the widow's award, and Dale Decker (now Dale Stansberry) was the purchaser at the sale and received an administrator's deed therefor, which is the deed sought to be set aside in this proceeding; that shortly thereafter the widow married Orville Stansberry, and the Stansberrys were living in the house upon the premises at the time this bill was filed and claimed to be in possession of the

entire seventy-five acres which are now in controversy, under said administrator's deed.

While it is contended that this bill will not lie to remove a cloud, by reason of the fact that the land was not vacant or the complainant was not in possession of the land at the time he filed his bill, those questions do not seem to have been raised in the trial court, so they will therefore be deemed to have been waived and will not be considered by this court. *Stout* v. *Gook,* 41 Ill. 447.

The controlling question in this court, as we view this case, is, was the deed from Michael Decker and wife delivered to Clarence M. Decker, so as to invest him with the title to said premises? The grantor and wife executed the deed and had it recorded, and the grantor thereafter retained the deed. Where a father executes a deed to his minor child, who is of tender years, and has it recorded, under the decisions of this court those acts· constitute a good delivery of the deed to the child. In *Hayes* v. *Boylan,* 141 Ill. 400, on page 406, it was said: "Where a parent executes a deed to an infant child which is beneficial to the child, and manifests, by his words and conduct, that he intends that the deed shall operate at once, a delivery will be presumed, and proof of actual delivery is unnecessary. This is because the infant is incapable of doing any act in regard to the deed which he might not avoid on reaching his majority, and it is the duty of the parent, as his natural guardian, to accept and preserve the deed for him.—*Masterson* v. *Check,* 23 Ill. 72; *Bryan* v. *Wash,* 2 Gilm. 557; *Newton* v. *Bealer,* 41 Iowa, 334." And in *Winterbottom* v. *Pattison,* 152 Ill. 334, on page 340, it was said: "The grantee's acceptance will sometimes be presumed from the fact that the deed is for his benefit. (*Rivard* v. *Walker,* 39 Ill. 413; 5 Am. & Eng. Ency. of Law, 448.) Where the grantee is an infant the presumption of acceptance is a rule of law, and 'knowledge of the conveyance and of its acceptance is not necessary.'" In the case of *Baker* v.

*Hall,* 214 Ill. 364, the authorities upon this question are collated and reviewed, and in *Creighton* v. *Roe,* 218 Ill. 619, it was held that where a deed is recorded the presumption of delivery is not overcome by the fact that the grantor, who stood in a fiduciary relation to the grantee, retained possession of the property and deed. We are of the opinion that the deed from Michael Decker and wife to Clarence M. Decker was delivered. The deed having been delivered and the title having vested in Clarence M. Decker, and it appearing the deed was made for the purpose of placing the premises in question beyond the reach of the creditors of Michael Decker, a court of equity will not assist him in reclaiming the land. In *Jolly* v. *Graham,* 222 Ill. 550, on page 554, it was said: "The law will not permit a party to deliberately put his property out of his control for a fraudulent purpose, and then, through the intervention of a court of equity, regain the same after his fraudulent purpose has been accomplished." And in *Creighton* v. *Roe, supra,* on page 624, it was said: "There is another good reason why the decree of the circuit court must be affirmed. The bill is a confession on the part of the plaintiff in error that he made the deed which he now seeks to avoid, for the purpose of placing his property in such condition that his wife could not secure her dower out of it. * * * That he could not put it out of his hands for the purpose of defeating dower, and when the motive for so doing had ceased invoke the aid of a court of equity to re-invest himself with the title, is too well known for controversy.—*Muller* v. *Balke,* 154 Ill. 110; *Tyler* v. *Tyler,* 126 id. 525." See, also, *Miller* v. *Marckle,* 21 Ill. 152; *Kirkpatrick* v. *Clark,* 132 id. 342; *Brady* v. *Huber,* 197 id. 291; *Jones* v. *Jones,* 213 id. 228.

It is finally contended that the deed from Michael Decker to Clarence M. Decker did not cover the north-east quarter of the north-west quarter of section 15. The description is as follows: "The north-east quarter and the

undivided seven-eighths of the north-west quarter of the north-west quarter of section 15," etc., and containing seventy-five acres, more or less. The evidence shows the grantor owned the north-east quarter of the north-west quarter of section 15 but did not own the north-east quarter of that section, and the deed recites that he conveyed seventy-five acres, more or less, and the justice of the peace testified, and Michael Decker admitted, the deed was intended to cover the north-east quarter of the north-west quarter, etc., of section 15. It is obvious, we think, that anyone reading the description found in the deed would understand the grantor intended to convey, and did convey, the north-east quarter of the north-west quarter of section 15 and not the north-east quarter of section 15, when the description is read in connection with the number of acres to be conveyed. When a description in a deed may refer to two tracts of land, it will be presumed that the grantor intended to convey the tract which he had title to, and not the land which he did not own; (*Dougherty* v. *Purdy,* 18 Ill. 206; *Cornwell* v. *Cornwell,* 91 id. 414;) and it is held when a deed contains two descriptions it should be construed most strictly against the grantor and in favor of the grantee. *City of Alton* v. *Illinois Transportation Co.* 12 Ill. 38; *Sharp* v. *Thompson,* 100 id. 447; *Boone* v. *Clark,* 129 id. 466.

From a careful consideration of this record we think it clear that the deed from Michael Decker to Clarence M. Decker was made to defraud creditors; that it was delivered to the grantee; that it conveyed the north-east quarter of the north-west quarter and the undivided seven-eighths of the north-west quarter of the north-west quarter of section 15, and that Dale Stansberry acquired title to the entire seventy-five acres at the administrator's sale.

The decree of the circuit court, so far as it finds the title to the north-east quarter of the north-west quarter of section 15 to be in Michael Decker and sets aside the ad-

ministrator's deed to Dale Stansberry, will be reversed. In all other particulars the decree will be affirmed, and the case will be remanded to the circuit court, with directions to dismiss the bill.

*Reversed and remanded, with directions.*