Chicago Title & Trust Company, Trustee, Appellee, v. Ferne E. Wallace et al., Appellants, and Morton L. Roberts and William E. Schmidt, Administrator of the Estate of Doretta Horton, Deceased, Appellees.

Gen. No. 32,851.

Opinion filed November 7, 1928.

GUY H. POWELL and THOMAS J. FINNEGAN, for appellants; THOMAS J. FINNEGAN, of counsel.

SHERMAN C. SPITZER, NORBERT B. TYRELL and LE ROY W. CRAWFORD, for appellee Chicago Title & Trust Company.

ROSE & SYMMES, for appellees Morton L. Roberts and William E. Schmidt.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The complainant, the Chicago Title & Trust Company, filed its bill as trustee in a certain trust deed made by the defendants Ferne E. Wallace and Charles LaVerne Wallace, conveying a one-third interest in certain real estate in Chicago, to secure their promissory note, dated October 28, 1925, for $3,500, with interest at 7 per cent per annum, payable to their own order one year after date, and by them indorsed, and also two interest notes evidencing the semiannual interest on the principal note, alleging that said loan

was made for the accommodation of the defendant, John E. Edmunds; that there is due upon said note of $3,500, $2,000 of principal; that said note was the property of Doretta Horton, deceased, and that the defendant William E. Schmidt was the administrator of the estate of Doretta Horton under letters issued by the probate court of Cook county, and that at the time of the death of Doretta Horton she was the owner of said note, and since her death the defendant Schmidt, as administrator, is the owner thereof.

The bill further alleges that on February 8, 1926, the defendants Ferne E. Wallace, Charles LaVerne Wallace and John E. Edmunds demanded of complainant, as trustee, that it execute and deliver its release deed, releasing said trust deed, and that at about the same time the administrator of Doretta Horton, deceased, notified complainant, as trustee, of such claim, and demanded that complainant should not execute and deliver such a release deed; that by reason of such demands complainant as such trustee was justified in filing its bill praying for the aid and direction of the court in respect of such demands.

The decree adjudged that the trust deed of complainant, set out in the bill, was a good, valid and subsisting lien on the real estate conveyed by it in favor of the defendant Schmidt, as administrator of the estate of Doretta Horton, deceased, as security for the payment of the principal sum of $2,000 at 7 per cent from October 28, 1925, together with costs and charges accrued and to accrue under the terms of the trust deed, and it was further ordered that complainant Chicago Title & Trust Company, as such trustee, do not and should not execute and deliver its deed releasing said trust deed and the lien thereof until and unless the said indebtedness secured thereby shall be fully paid and discharged.

The defendants, appellants here, Ferne E. Wallace, Charles LaVerne Wallace and John E. Edmunds, assign errors on the record, and argue for reversal in the following words:

"We contend that the findings in the decree are not sustained by the evidence as the record does not establish that the defendant, John E. Edmunds, was indebted to Doretta Horton or to her estate and/or that to secure said indebtedness there was delivered to Miss Horton, or to anyone in her behalf, the notes and trust deed of the Wallaces, which the court found to be a lien on the real estate described in said trust deed, in favor of the administrator of the Horton estate. So we will urge here that the court erred in so finding and in decreeing that the complainant should not execute its release of said trust deed and the lien thereon until and unless the amount so found to be owing, shall have been paid."

It is not contended that the chancellor did not have judicial power to decree the relief asked by the complainant trustee. We will therefore hold that the power of the court to grant the relief which it did to complainant is not a contention in this court.

This appeal is from the decree, and while defendant appellants by their fifth assignment of error seek to have this court review an order denying their motion to vacate the decree involved in this appeal, that question is not before us for review because there is naught in the record which brings before us any motion to vacate the decree.

It is argued that the testimony does not establish that Edmunds was indebted to Doretta Horton. This contention was grounded on the testimony of Edmunds to the effect that in any settlement negotiations with Roberts it was the "Dr. Juel" claim and not the "Cantrell-Horton" claim, which was intended to be secured by the Wallace trust deed, and that Dr. Juel was sub-

sequently paid. Notwithstanding he admitted that $2,000 was given him by Cantrell to invest, he testified that the $2,000 had been repaid and bonds purchased with it taken up and canceled. It seems that the chancellor brought out on cross-examination of Mr. Edmunds that he was merely making convenient surmises, and the chancellor said in passing upon a motion to strike Edmund's testimony from the record, "You don't need to strike it out. There is no testimony of payment. He gave his conclusion, and later on testified he knew nothing about it."

We have thoroughly scanned the testimony of Edmunds and weighed its probative force, and we find no reason justifying this court from disagreeing with the chancellor in the conclusion to which he arrived, as to the effect and weight of Edmund's testimony.

Morton L. Roberts, who was the attorney for Doretta Horton in her lifetime, and who had charge of the transaction in dispute as her attorney, testified in regard to the transaction on the trial as a witness for complainant. His testimony was to the effect that Edmunds caused the Wallaces' trust deed to be made to secure the "Cantrell-Horton" claim of $2,000 and the $1,500 represented the purchase price of stock. This testimony of Roberts stands uncontradicted. It was admitted that $1,500 was paid upon the $3,500 note, leaving a balance of $2,000 due thereon, for which amount the decree awards a lien upon the trust deed, and the decree directed the complainant trustee not to execute and deliver its release of the trust deed until the indebtedness aforesaid was paid and discharged in full.

The evidence of Roberts sustains the contention of the administrator that the notes and trust deed in question were executed by the Wallaces at the request of John E. Edmunds for an indebtedness owing to Doretta Horton in a settlement made between Doretta Horton

and John E. Edmunds on or about October 23, 1925. The testimony of Roberts, we think, sustains such contention. While Roberts' professional relationship to Doretta Horton was proper to be considered in weighing his testimony, yet there is no evidence seriously disputing his testimony. We think the decree is conclusive on this issue.

It is contended that there was no delivery of the notes or the trust deed to Doretta Horton or to any one in her behalf, or to any other person for her. However, it is not denied that Charles LaVerne Wallace recorded the trust deed in the office of the recorder of Cook county, and that such recording was tantamount to a delivery to the trustee and made operative the trust deed. The appellants constructively admit that the trust deed was sufficiently delivered from the fact that the Wallaces and Mr. Edmunds are seeking to have the trust deed released. If in fact there had been no delivery of the trust deed, the defendants, appellants here, would be seeking another remedy to remove the trust deed as a cloud upon their title. As a matter of law it was not essential to the purposes of any lien under a trust deed that the note therein described should have been delivered to Doretta Horton, or to any one else for her. The note was simply evidence of the indebtedness. The indebtedness itself might be proved by competent testimony, without the introduction of the note in evidence, and while no action at law could be maintained upon the note without delivery, yet in equity, as found by the decree, the lien and the amount unpaid attached to the property conveyed in the trust deed to complainant as trustee, to secure the same.

In *Blake v. Ogden,* 223 Ill. 204, it was held that possession by the grantee of a recorded deed raises the presumption of delivery which can only be overcome by clear and convincing evidence to the contrary.

*Blankenship v. Hall,* 233 Ill. 116; *Creighton v. Roe,* 218 Ill. 619.

The defendants, appellants here, in their reply brief attempt to distinguish this case from *Creighton v. Roe, supra,* on the theory that the deed in the *Creighton* case was a warranty deed and not a trust deed, as in the case before us. In legal effect there is no difference between a warranty deed and a trust deed so far as delivery is concerned. A trust deed is a warranty deed with a condition of defeasance on payment of the debt secured by the trust deed.

The decree in the record is amply supported by the probative force of the evidence, and consequently the decree of the circuit court is affirmed.

*Affirmed.*

WILSON, J., concurs; TAYLOR, J., not participating.